ALBANY,<br>Sept. 1831.<br>~~~~<br>The People<br>v.<br>Commission-<br>ers, &c. of<br>Hudson.

Motion granted.

---

THE PEOPLE, on the relation of Bentley, *vs.* COMMISSIONERS OF HIGHWAYS OF HUDSON.

A motion for a *peremptory mandamus,* on the coming in of a return to an alternative mandamus, is a *non-enumerated* motion, if the relator has not formally *demurred.*

It is optional with the relator, whether it shall be considered *enumerated* or *non-enumerated* business, unless the court specially direct *formal pleadings* to be interposed ; if he elect to have it considered *non-enumerated* business, the court, on the application of the *defendant,* but not of the *relator,* will give leave after its decision of the question, to have formal pleadings made up and filed.

A RETURN having been made by the defendants to an *alter-* native *mandamus* issued in this case, and the counsel for the relator being about to examine and discuss it for the purpose of shewing that the relator was entitled to a *peremptory mandamus,* the counsel for the defendants objected that he was not entitled to be heard at a non-enumerated term ; that applying for a peremptory mandamus, he virtually *demurred* to the return, and that a demurrer could be urged only at a stated term of the court. <span align="right">September 7.</span>

C. *Bushnell,* for the relator.

J. W. *Edmonds,* for the defendants.

*By the Court,* SUTHERLAND, J. On the coming in of a return to an alternative mandamus, it is provided by statute,

that the person prosecuting the writ, may *demur* or *plead* to such of the facts contained in the return, as he thinks proper. 2 *R. S.* 586, § 55. A similar statutory provision existed previous to the revision. 1 *R. L.* 107, § 2. Although these statutes contemplate formal written pleadings in the ordinary mode of conducting suits, the practice of the court is virtually to allow pleadings *ore tenus ;* that is, the relator is permitted to discuss the return, and to ask for a peremptory mandamus, and whilst he does not put in a *formal demurrer,* the case is considered as embraced in the description of *non-enumerated* business, and is heard as such ; but if a formal demurrer is interposed, it becomes *enumerated* business, and can be heard only at the stated terms. It is optional with a relator whether it shall be considered *enumerated* or *non-enumerated* business, unless the court specially direct formal pleadings to be interposed. No injury can result to the defendant in consequence of this privilege allowed the relator, for if he wishes to carry up the cause for review, the court permits him, after its decision, to make up and file formal pleadings, so that a record may be made up; which privilege, however, is not granted to the relator, who has chosen to ask for a peremptory mandamus, without formally demurring ; if dissatisfied with the decision of the court, *he* cannot carry up the cause for the review. The relator in this case, asking for a peremptory mandamus, without having formally demurred, the case is considered as *non-enumerated* business, and he may proceed.