ALBANY,
Dec. 1834.

The People
v.
President, &c.
of Brooklyn.   THE PEOPLE, on the relation of Dikeman and Martin, *vs.*
THE PRESIDENT AND TRUSTEES OF BROOKLYN.

> A *writ of error* does not lie upon the *refusal* of the supreme court to grant a
> *peremptory mandamus*, when application is made *by motion;* it lies on-
> ly for the *relator*, when judgment is pronounced *after* issue joined upon
> plea or demurrer, interposed upon the coming of the return to the al-
> ternative mandamus.
>
> A judgment *refusing* a peremptory mandamus will not be reversed, unless
> from the record it appears that the *alternative mandamus* upon its face
> was *prima facie* sufficient to entitle the relator to the relief sought.
>
> Where a writ of error is *quashed* upon the argument of the cause, no more
> costs will be awarded to the defendant in error than he would have been
> entitled to, had the writ of error been dismissed previous to the joinder
> in error.

ERROR from the supreme court.   Dikeman and Martin ob-
tained an *alternative mandamus* from the supreme court, di-
rected to the president and trustees of the village of Brooklyn,
requiring them to cause a *report*, which had been made by
certain commissioners of estimate and asessment in reference
to the opening of a street in Brooklyn, to be filed in the office
of the clerk of the county of Kings, or to show cause.   On
the coming in of the return to the alternative mandamus, the
relators, instead of pleading thereto or putting in a demurrer,
applied by *motion* for a *peremptory mandamus,* which was de-
nied by the court.  *See* 1 *Wendell,* 318.  Upon the judgment
of the court denying the peremptory mandamus, the relator
sued out this writ of error.   The court having sustained an
objection taken by the counsel for the defendants, that the re-
lators were not entitled in this case to bring a writ of error,
the merits of the case are not stated.   The cause was argued
here by

*C. Graham & A. Van Vechten,* for plaintiffs in error.

*S. A. Foot,* for defendants in error.

The following opinion was delivered :

By the CHANCELLOR. I have not considered it necessary to examine this case on the merits, having arrived at the conclusion, that no writ of error to this court lies upon the granting or refusing a mandamus upon a mere motion, where no plea or demurrer to the return has been filed as authorized by the revised statutes relative to writs of mandamus and prohibition. 2 *R. S.* 586. § 55. The writ of error in the case of *The Canal Commissioners, &c.* v. *The People, ex rel. Tibbits,* 5 *Wendell,* 423, was founded upon a special provision in the act of April, 1827, relative to claims for damages against the state for injuries sustained in the construction of the canals. *See* 1 *R. S.* 235, § 97, 98. Previous to the statute of *Anne, ch.* 20, the application for a mandamus was a summary proceeding, and never assumed the shape of a common law judgment ; but upon the coming in of the return to the alternative mandamus, the court summarily disposed of the case by granting or refusing the motion, without inquiring into the truth of the matters alleged in the return. That statute authorized the relator to plead to or traverse the return ; and if he availed himself of this privilege, the case then assumed the regular form of a common law proceeding, upon which a judgment for damages and costs might be given ; and upon such a judgment, either party was authorized to sustain a writ of error. *The people* v. *Champion,* 16 *Johns. R.* 65, *per Spencer, J.* This statute, however, did not abrogate the former mode of proceeding ; and the relator, upon the coming in of the return to the alternative mandamus, had his election, either to proceed summarily by motion, or to adopt the more formal mode of proceeding by plea or demurrer, under the statute. It was deliberately settled, in two different causes, which were brought before the house of lords a few years after the passing of the statute of *Anne,* that if the case was disposed of by a summary application without plea or demurrer, no writ of error could be sustained on such decision. *See The Dean and Chapter of Dublin* v. *The King,* 1 *Bro. P. C., Tom. ed.* 73; *Pender* v. *Herle,* 3 *id.* 505. These two different methods of testing the validity of a return to a mandamus

are recognized by the supreme court in the cases of *The People* v. *Chapman*, 16 *Johns. R.* 61, and *The People* v. *The Su_pervisors of Columbia,* 5 *Cowen,* 291. They are also recogniz-ed by Justice Sutherland, in the case of *The People* v. *The Commissioners of Highways of Hudson,* 6 *Wendell,* 559. The effect of the adoption of the summary mode of proceeding by the relator, in depriving himself of the right to review the decision of the supreme court upon a writ of error, is there distinctly pointed out. It is evident, from the record in this case, that the relators elected to proceed in that manner, and hence we find no issue, either of law or fact, upon this informal record, which the plaintiffs in error have propably made up and filed in the supreme court; and even the formal award of costs to the defendants is not inserted in it. This court is not authorized to take jurisdiction of a case of this kind upon a writ of error, because the relator, who has elected to proceed by summary application, has thought proper to put the decision of the court below into the shape of an informal record. This record is truly such; for even the mandamus itself, which, in a proceeding under the statute, is a substitute for the declaration in other suits, is not contained in the record which has been filed in the court below. This should have been set forth; for to entitle a plaintiff in error to a reversal of a judgment refusing a premptory mandamus, the record of the court below must show that the alternative mandamus was upon its face *prima facie* sufficient to entitle the relator to the relief sought. *Commercial Bank of Albany* v. *Canal Commissioners,* 10 *Wendell,* 25. *The King* v. *The Bishop of Oxford,* 7 *East,* 345.

As the writ of error was improperly brought in this case, the proper course for the defendants in error was to have applied to this court in the *first instance* to quash the writ, instead of allowing the time of the court to be wasted in the hearing of the cause upon the merits. As the statute gives costs to the defendants in error upon the discontinuance or quashing, of a writ of error we cannot refuse costs to them in this case; but to prevent the occurrance of such cases hereafter, and to induce parties to take objections of this kind before a joinder in error, I think the costs should be limited to

such as the defendants would have been entitled to upon a dismissal of the writ of error upon their application at that time.

The court *unanimously concurring* in the opinion delivered by the chancellor, the writ of error in this case was *dismissed,* with costs limited according to the above suggestion.