## LEWIS vs. PRICE.

1. An appeal lies from the judgment of the Law Commissioner in St. Louis county in actions of replevin.

2. An appeal will lie from an order awarding or refusing a peremptory *mandamus*.

## APPEAL from St. Louis Court of Common Pleas.

CARROLL, *for Apellant.*

TODD & KRUM, *for Appellee.*

I. An appeal or writ of error does not lie from an order awarding a mandamus. 3 Bl. Com., 110-111; Coke. Litt., 288; 1 Strange, 536; ib. 625, 628; 8 Mod., 27, 29; 3 Com. Dig.; 3 Bro. P. C., 178-506; 2 ib., 555-6; 1 Salk., 263; 2 ib., 503; 2 Ld. Raymd., 1116; 2 Mod., 218; 2 Dunlap's Pr., 1130; 9 Mo. R., 196; 13 Wend., 130:

II. The appeal from the judgment of the Law Commissioner in the case of Lewis vs. Price, was improperly allowed, and the refusal of the Law Commissioner to issue an execution on said judgment subjected that officer to the compulsory process of mandamus. Therefore, the Court of Common Pleas in awarding a peremptory mandamus decided correctly. Sess. acts, 1847, p. 91; 6 Mo. R., 166.

SCOTT, J., *delivered the opinion of the Court.*

This was a proceeding on mandamus in the Court of Common Pleas for the purpose of determining the question whether an appeal will lie on a judgment in an action of replevin in the Law Commissioner's Court of St. Louis. After an appeal had been allowed by the Law Commissioner, he refused to issue an execution on a judgment in replevin, in his court; an application was thereupon made to the Court of Common Pleas for a mandamus compelling him to issue the execution. On an agreed state of facts a peremptory writ was awarded. From this judgment an appeal was taken.

A question has been made whether an appeal or writ of error will lie on a judgment awarding a peremptory writ of mandamus.

At the common law, an application for a mandamus was a summary mode of redress and never took the shape of a common law proceeding. Upon the coming in of the return to the alternative writ, the court summarily disposed of the matter on motion, without enquiring into the truth

of the matters alleged in the return. Since the statute of Ann authorizing pleadings in proceedings on mandamus, to which our statute regulating the writ of mandamus is similar, a judgment may be given for damages and costs upon which a writ of error will lie.

The cases cited are those in which the proceedings were at common law, the statutory mode of proceeding being considered merely cumulative. 13 Wend., 130. The proceedings in this case must be considered as under the statute, as the truth of the facts were inquired into and agreed upon and submitted to the court as a special verdict.

The act supplementary to the act respecting the Law Commissioner's Court invests it with all the jurisdiction of justices of the peace. Sess. acts, 1847, p. 91. The section conferring this authority enacts that, in exercising it the Commissioner shall be subject to the same rules and regulations which apply to and regulate proceedings in justices courts· The second section of the said act gives the Commissioner concurrent jurisdiction with the circuit court in all actions of detinue and replevin, wherein the matter in controversy does not exceed one hundred and fifty dollars, and directs that he shall receive the same fees in all such cases as in other actions cognizable before him.

It is not denied, but that by the first section of the act above cited an appeal is allowed in all cases in which there is concurrent jurisdiction with the justices of the peace. A section immediately following gives concurrent jurisdiction to the Commissioner with the Circuit Court in certain actions, the trial of which has not been entrusted to justices of the peace, and allows the Commissioner the same fees for services in these cases as justices receive in cases which they try. The statute must thereby have intended that the services rendered by a justice of the peace in the exercise of his jurisdiction would be rendered by the Commissioner in trying actions of replevin and detinue. The granting of an appeal is a service performed by a justice and for making certified copy of his docket on an appeal, he is entitled to a fee. If a party voluntarily goes into a tribunal from whose judgment no appeal is allowed, he cannot complain. If the plaintiff alone in the Commissioner's Court was debarred an appeal there would not be much ground of complaint as there was another forum to which he might have applied for redress from whose judgments an appeal was permitted. But would it not be strange to suppose that the legislature left the rights of the defendant at the whim and caprice of the plaintiff, and that he should be allowed an appeal or not at his pleasure ? Can we suppose that the legislature would allow an appeal in cases of little or no importance, and in others

26

comparatively of great difficulty and amount withhold it ?   In the con-
struction of statutes it is an established rule, that the intention of the
law-giver is to be deduced from a view of the whole and of every part
of a statute, taken and compared together.   The real intention when
ascertained will always prevail over the literal sense of the terms.   The
reason and intention of the law-giver will control the strict letter of the
law, when the latter would lead to palpable injustice, contradiction and
absurdity.   If the intention will prevail over the letter of the law, surely
there can be no impropriety in letting it have sway in cases in which it
does not encounter that difficulty.

The other Judges concurring, the judgment is reversed.