THE PEOPLE *ex rel.* Richard Hanrahan *vs.* THE BOARD OF POLICE OF THE METROPOLITAN POLICE DISTRICT.

Where issues are taken upon the return to an alternative mandamus, which are submitted to a jury, the jury may render a general verdict, instead of finding on each separate issue.

Such a verdict is a finding in favor of the relator, or the defendant, that each of the issues is found in favor of the party in whose behalf the general verdict is found.

Where the judge directs the exceptions taken on the trial of such issues, to be heard in the first instance at a general term, but on the hearing at the general term the relator does not present any questions arising on the exceptions, the court will treat the proceeding as an appeal from an order denying the relator's motion for a peremptory mandamus.

Notwithstanding the court, after argument, upon a motion to strike out issues, directs them to be submitted to a jury, that is not equivalent to a decision that if such issues shall be found in favor of the defendant they will be a legal bar to the writ of mandamus.

The court will not hold itself bound by such a decision, so that it is not at liberty to grant or refuse the writ as it shall deem just and proper, on the coming in of the verdict upon the issues of fact.

On an application for a mandamus to compel the Board of Police of the Metropolitan Police District to restore the relator to the office of patrolman of the police force, &c., the following issues were ordered to be tried by a jury, viz: 1st. Whether the relator had received, or had, any valid appointment, warrant or authority, as a member of the police force; 2d. Whether the relator, upon the organization of the board of police, under the act of April 15, 1857, withdrew from the police force estatablished by said act, and disclaimed holding office or doing duty as a member of the police force; 3d. Whether the relator took office under the ordinance of the common council and acted under said ordinance until the 3d of July, 1857; 4th. Whether the relator, since the passage of the act of April, 1857, for his private gain and profit, entered into other employments inconsistent with his duties as a member of the police force, and received large profits therefor. *Held,* that notwithstanding the finding of all these issues in the defendant's favor, by a general verdict, a peremptory mandamus must issue.

MOTION for a peremptory mandamus. The alternative writ alledged, in substance, that, whereas the relator was, at the time of passing the metropolitan police act, April 15, 1857, a patrolman, and one of the police of the city of New York, duly appointed and sworn, and had never been legally discharged or dismissed; and whereas he became, by

NEW YORK—NOVEMBER, 1861.     645

The People ex rel. Hanrahan *v.* Board of Police, &c.

virtue of said act, a patrolman and member of the police force of the Metropolitan Police District, and held office and did duty under the said act, and has the requisite qualifications, yet the board of police has unjustly, and without jurisdiction, removed him and deprived him of the emoluments of the office, and has refused to recognize him as such patrolman, or to permit him to exercise the powers and duties of the office. The writ then required the board to restore him to the office, and permit him to exercise the same, and take the profits and salary thereof, or show cause, &c. The return contained eleven distinct defenses. Six of these defenses, the fifth, sixth, seventh, eighth, ninth and tenth, were stricken out or quashed. The other five are as follows : *First.* That on and prior to the 15th day of April, 1857, the said relator, though acting and claiming to act as a member of the police force, under the act in relation to the police department, in the city and county of New York, passed April 13, 1853, had not received and did not possess any valid appointment, or lawful warrant or authority, as such member, and had not been duly commissioned or appointed as such member, under the said act. *Second.* That the said relator refused to take or hold office, and never has taken or held office, under the act of the legislature, to establish a Metropolitan Police District, and to provide for the government thereof, passed the 15th day of April, 1857, or under the board of police thereby established. *Third.* That upon the first meeting of the board of police, under the said act of the 15th day of April, 1857, to wit, on the 23d day of April, 1857, the said relator withdrew from the police force, established by or under the said act, and disclaimed holding any office, or doing any duty, as a member of the police force of the Metropolitan Police District thereby constituted. *Fourth.* That on the 2d day of June, 1857, an ordinance was passed by the common council of the city of New York, and was approved by the mayor of the said city, of which ordinance a copy was annexed to the return marked " A," and

the said relator took office, and acted under the said ordinance until the 3d day of July, 1857. *Eleventh.* That since the passage of the said act of April 15, 1857, the relator has, for his private gain and profit, entered into other employments, in nowise connected with but inconsistent with his duties as a member of said police force, and has received large profits therefor.

Issue was taken upon these defenses, and, by direction of the court, a general verdict was rendered for the defendants. The case was then ordered to be heard in the first instance at the general term. It did not appear that any exception was taken, except to the overruling of a single question put to the relator. A motion was now made for a peremptory mandamus, directing the board of police to restore the relator to the office of patrolman, permit him to exercise the office, and receive the profits and salary thereof.

*G. Dean* and *J. T. Brady,* for the relators, insisted that the court erred in directing a general verdict; and claimed that when issues are framed and sent for trial, the jury must find on each separate issue, and then, on the verdict, an application should be made to the court for the writ.

*David Dudley Field,* for the defendants, among other things, insisted that this motion could properly be made only upon the verdict as rendered, or rather notwithstanding the verdict. That the relator, therefore, must show that a person who was acting as municipal policeman on the 15th of April, 1857, without color of right, and who had always refused to take or hold office under the metropolitan police act, or the board which it created—who withdrew and disclaimed holding office or doing duty as a member of the metropolitan police, who took office under a city ordinance establishing a day and night watch, and who had entered into other employment inconsistent with his duties as policeman—was nevertheless entitled to the mandate of the

court, compelling the board thus defied, and under the act thus set at naught, to pay him wages and put him on duty. That issue having been taken upon the return, the relator thereby admitted that, upon its face, it was a sufficient answer to the writ, and a verdict having been found for the defendants, judgment went in their favor of course. (*People* v. *Finger,* 24 *Barb.* 341.)

*By the Court,* MULLIN, J. Before proceeding to examine the questions presented by the counsel for the respective parties, it becomes necessary to ascertain what the practice is, in cases of issues upon the return to an alternative mandamus, in order to determine whether upon the papers before us the relator can be heard, as upon a motion for a peremptory writ, or upon a motion for a new trial by reason of errors committed on the trial. It is provided by 3 *R. S.* 5th ed. 898, § 15, that " when a return shall be made to a writ of mandamus, the party prosecuting it may demur or plead to all or any of the material facts contained in the said return, to which the person making such return shall reply, take issue or demur, and the like proceeding shall be had therein, for the determination thereof, as might have been had if the person prosecuting such writ had brought his action on the case for a false return."

Section 17 provides that " in case a verdict shall be found for the person suing such writ, or if judgment be given for him on demurrer or by default, he shall recover damages and costs, in like manner as he might have done in such action on the case as aforesaid, and a peremptory mandamus shall be granted to him without delay."

Section 471 of the code of procedure exempts proceedings on mandamus from the operation of the second part of the code, and provides that " when an action shall be brought in such proceeding, such action shall be conducted in conformity to said act."

The trial of the issues in the case was conducted in con-

formity to the provisions of the code, unless the form of the verdict is in violation of its provisions.

The jury find a general verdict in favor of the defendant. It is said that the jury should have found upon each of the issues separately, and that a general finding on them all was improper. A general verdict is defined by § 260 of the code of procedure as follows : "A general verdict is that by which the jury pronounce *upon all or any of the* issues, either in favor of the plaintiff or defendant. A *special verdict* is that by which the jury find the *facts only*, leaving the judgment to the court." By § 261 it is declared that " in every action for the recovery of money only, or specific real property, the jury in their discretion may render a general or special verdict. In all other cases the court may direct the jury to find a special verdict in writing, upon all or any of the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact to be stated in writing, and may direct a finding thereon."

It follows, from these provisions, 1st. That the jury had the right to render a general verdict in the case ; and 2d. That the verdict rendered was a general one, and therefore regular.

If we were to treat the issues in this case as feigned issues sent down for trial pursuant to § 71 of the code, the general provisions above cited apply, and a general verdict may be rendered. Such a verdict, upon such an issue, is a finding in favor of the relator or the defendant that each of the issues is found in favor of the party in whose behalf the general verdict is found. And there is no difficulty in giving effect to such a verdict.

The decision in the case of *Martin,* (a) decided at the last term, is not in conflict with the foregoing propositions. In that case the relator was nonsuited. The jury were not permitted to pass upon the issues of fact, and the relator was wholly deprived of the opportunity to satisfy the jury, and through them the court, that the matters on which the de-

(a) Reported ante, p. 550.

fendant relied as an excuse for not obeying the order of the court, were not true. In this case both parties have been fully heard, and the jury in the exercise of its discretion has rendered a verdict on all the issues submitted. There is clearly no mis-trial, nor is there any difficulty in giving effect to the verdict.

We must treat the application to the special term, from whose decision this appeal is taken, as a motion on the verdict and proceedings, for a peremptory writ. A motion for a new trial on the facts must be heard in the first instance at the special term, and cannot be made in the first instance in the general term. (*Howard's Code*, §§ 264, 265, *and notes.*)

No such motion has been made in this case, and of course no question arising on the facts can be heard here. It was competent for the judge before whom the trial was had to direct the exceptions taken on the trial to be heard in the first instance at the general term. That order was made, but in this case the relator has not presented any question arising on the exceptions, and we must, under these circumstances, treat this proceeding as an appeal from an order denying the relator's motion for a peremptory mandamus.

We are now brought to the merits. Notwithstanding all the issues of fact have been found by the jury against the relator, in this case, he nevertheless insists that he is entitled to a peremptory writ. The defendant's counsel insists, in the first place, that the general term having held, after argument upon a motion to strike out the issues, that they should be submitted to the jury, that is equivalent to a decision that if such issues should be found in favor of the defendant they would be a legal bar to the writ. There is some force in this argument. Yet I am of the opinion that the court does not, and as a general rule ought not, to hold itself bound by such a decision, so that it is not at liberty to grant or refuse the writ as it shall deem just and proper on the coming in of the verdict upon the issues of fact. In case of a feigned issue, it would not be contended that the decision that such an

issue be framed is binding on the court, so that if the verdict should be with the defendant it was precluded from giving relief to the relator. I concede that this is a much stronger case for the application of the rule contended for than are feigned issues, yet, even in this case, the court, when it denied the motion to strike out, did not mean to preclude itself from thereafter considering the question as to the force and effect of the findings on the issues of fact. We have been referred to *The People* v. *Finger* (24 *Barb.* 341) as decisive of this question. But it is expressly stated by Justice Harris that this question had not been argued before him, and it was not necessary to a decision of the case. The opinion of the learned justice, although entitled to our highest respect, is not binding upon us, and we think the practice suggested by him would unnecessarily restrict the power of the court to afford justice and relief in cases of mandamus.

The issues tried in this case, and on which a verdict was found in favor of the defendant, were, 1st. Whether the relator had received or had any valid appointment, warrant or authority as a member of the police force; 2d. Whether the relator, upon the organization of the board of police under the act of 15th of April, 1857, withdrew from the police force established by said act, and disclaimed holding office or doing duty as a member of the police force; 3d. Whether the relator took office under the ordinance passed by the common council set forth in the case, and acted under said ordinance until the 3d of July, 1857; 4th. Whether the relator, since the passage of the act of April, 1857, for his private gain and profit, entered into other employments in nowise connected with but inconsistent with his duties as a member of the police force, and received large profits therefor. All these issues, except the 3d, were in the case of *Gorman*, and were found by the jury in favor of the defendants. This court having at the last term held that these facts constitute no defense, we must hold in this case that, notwithstanding the

The People ex rel. Peck *v.* Board of Police, &c.

finding of the issues in the defendants' favor, a peremptory mandamus must issue.

The finding of the third issue in this case in favor of the defendants does not, in the opinion of a majority of the court, change the result; and we must therefore hold that the order appealed from be reversed and a peremptory mandamus issue. It is due to myself to say that my views as to the force of the facts found are not changed, but the question being decided by a majority of the court in the cases heretofore argued, I am bound to give effect to the law as thus settled.

Let an order be entered that a peremptory mandamus issue.

[NEW YORK GENERAL TERM, November 4, 1861. *Clerke, Mullin* and *Leonard,* Justices.]