Johnson, J.
The sole question presented by the foregoing statement is, whether the proceedings in the circuit court, wherein the same case was heard upon an agreed statement of facts, which, by agreement between counsel, was to bo taken as a return to an alternative writ, and wherein a final judgment was rendered refusing a 'per~ emptory writ, are a bar to this action.
The circuit court has concurrent jurisdiction with this court in mandamus. Its judgment upon issue joined or upon agreed statement of facts, substituted for a return to the writ, is as binding, until reversed or set aside, as that of this court. It is a final judgment, to reverse which error may be prosecuted to this court.
A proceeding in error furnishes a plain and adequate remedy in the ordinary course of the law.
Section 6744 of the Revised Statutes, which is but a codification of pre-existing law, prohibits this court from issuing a writ where such plain and adequate remedy exists.
Sections 6741 to 6759 of the Revised Statutes, relating to mandamus, provide for the pleadings, and that they may be construed and amended as in civil actions. They provide for like pleadings, proceedings, and judgment. In this proceeding the common law practice is superseded by statute. It is well settled that where the statute provides for a traverse of a return to an alternative writ, as it does in Ohio, by a reply to the answer or by demurrer, the judgment thereon is a final judgment upon the merits, which *460 may be reviewed upon error, or by appeal, as the statute prescribes.
It is a mistake to assume that the case iu the circuit court, in its legal aspects, stood as an application upon the petition only, or rested upon the facts set forth therein; or that no issue of any kind was taken upon them. The record shows that in that case it was agreed in open court that, as a matter of fact, the respondent had, prior to the hearing, certified the case to Wayne county, which is in the third subdivision of the sixth judicial district, adjoining the second subdivision of said sixth district, of which Rich-land county is a part.
These facts present the same legal question as in the case at bar; it was also agreed that it should be considered so far as competent as though set forth in an answer to an alternative writ.
The facts being agreed upon, a question of law was presented, upon which plaintiff’s claim for a peremptory writ depended, the same as though these facts were set forth in a formal answer, and the relators had demurred thereto. It is wholly unlike the case of The State ex rel. Schmidt v. Cappeller, 37 Ohio St. 121.
It was there held that the refusal to allow an alternative writ of mandamus is not reviewáble on error, and that the remedy of the relator is by an application to this court after such refusal by the district court.
Such refusal to take jurisdiction of the case- is in no sense a final judgment. Therefore this court held that error did not lie for such refusal. High Ex. Rem., sec. 512.
Neither does the case of the People ex rel. v. The President and Trustees, 13 Wend. 130, sustain the relators’ view. In that case the relators had obtained an alternative writ from the supreme court to compel the officers of the village of Brooklyntofile a report regarding the opening of a street. A return was made to such writ.. The relators, instead of pleading or demurring thereto, applied by motion for a peremptory writ. This was denied, and the relators prose *461 euted error to reverse this judgment. The court sustained an objection that error did not lie in such a case. It is held that if a plea or demurrer had been interposed, and judgment rendered thereon, error would lie; and People v. Champion, 16 John. 65, is cited to support this view; but where no plea or demurrer, authorized by statute, is filed to the return, and the relators rely upon a “ mere motion,” the case was not heard upon its merits, and, therefore, error did not lie in their behalf.
At common law a writ of error as now could only be prosecuted to reverse a final judgment. In mandamus, prior to certain acts of parliament, if a ease was disposed of in a summary manner, without plea or demurrer, it was not deemed a final judgment, and hence error would not lie. But by statute, 6 and 7 Viet., chap. 67, authority was given to the relator to demur to the return, so that the decision of the court could be reviewed by a court of error. It was provided that when such demurrer was filed, like proceedings should be had thereupon, as upon a demurrer to pleadings in personal actions. By the second section of that act, it is also provided, “ for any party to the record in any of such eases, who shall think himself aggrieved by such judgment, to sue out and prosecute a writ of error, for the purpose of reversing the same, in such manner and to such court or courts as a party to any personal action in the said court may now sue out and prosecute a writ of error upon the judgment in such action.” Appendix B, High Ex. Rem. 652. This act of parliament is substantially the same as our Ohio statute, which allows a demurrer or reply to the return, and where an issue is thus made up and a finaljudgment rendered thereon, error will lie.
We hold, therefore, that under the statutes of this state, where an issue is made up as prescribed by law, presenting the question whether a peremptory writ shall be allowed, and a final decision upon the merits, whether such issue be of fact or law, is determined, it is a final judgment, to review which error will lie. We hold further that upon the agreed facts before the circuit court, which *462 took the place of formal pleadings, an issue of law was presented as upon a demurrer to the return. This agreed statement was substituted, by consent of parties, in place of a formal answer and demurrer thereto. The judgment thereon, dismissing the petition, was a final judgment, binding upon the parties and upon all the courts of this state until reversed or set aside.
Any other solution of this question would present an anomaly in judicial proceedings. The circuit court had acquired jurisdiction of the person and subject-matter. Its judgment is binding upon the parties. Where two conrts have concurrent jurisdiction the one whose jurisdiction first attaches acquires by comity the right to proceed to final j udgment. If, afterit has acquired jurisdiction, the other can take like jurisdiction and proceed tofinaljudgment,it mayrender an opposite judgment, and thus the officer may be called on to obey two judgments in direct conflict with each other. It is true this court is superior to the circuit court as an appellate court, but in the case at bar it is not acting as such, but only as a court of coiacurrent and original jurisdiction, In this action it could not reverse or set aside the judgment of the circuit court. That can only be done by proceedings in error.

Peremptory writ refused.