Freedman, J.
The questions raised upon the call of this case in its order upon the calendar for trial called for a careful examination of the present provisions of law relative to the proper mode of proceeding upon a return to an alternative writ of mandamus.
I have made such an examination since the adjournment of the case last week, and the following is the result.
At the common law, the relator was not permitted to traverse the return, notwithstanding that it might be false in fact; but the remedy was either by an action on the case for a false return, or, if the matter concerned the public, by indictment against the person making the return (2 Johns. Cas. 2 ed. 217).
Subsequently it was provided by statute that whenever a return shall be made to any writ of mandamus, the party prosecuting such writ may demur or plead to all or *68 any of, the material facts contained in the return, to which the person making such return shall reply, take issue or demur, and the like proceedings shall thereupon be had, as might have been had, if the person prosecuting such writ had brought his action on the case for a false return (2 B. S. 586, § 55 ; 10 Wend. 32 ; 3 How. 380). A similar statutory provision also existed previous to the Revised Statutes (1 R. L. 107, § 2). But although the statute permitted the relator to demur or to plead to the return, it was held that he could not do both (1 Wend. 38).
In case of a demurrer, the practice under the Revised Statutes was stated by Sutherland, J., as follows: “ Although these statutes contemplate formal written pleadings in the ordinary mode of conducting suits, the practice of the court is virtually to allow pleadings ore tenus ; that is, the relator is permitted to discuss the return, and to ask for a peremptory mandamus, and whilst he does not put in a formal demurrer, the case is considered as embraced in the description of non-enumerated business, and is heard as such ; but if a formal demurrer is-interposed, it becomes enumerated business, and can be heard only at the stated terms. It is optional with a relator whether it shall be considered enumerated or unenumerated business unless the court specially direct formal pleadings to be interposed ” (6 Wend. 559).
But if the relator took issue on the return by pleading thereto, he could not afterwards question its legal sufficiency (26 N. Y. 316), and the issue of fact had to go down to the circuit- for trial (7 Wend. 475). The case was then prepared and brought on for trial, the same as in personal actions. The relator held the affirmative of the issue, and the return was taken as true until it was falsified upon the trial (24 Barb. 341).
The foregoing constitutes an outline of the practice as it prevailed under the Revised Statutes, sufficient for present purposes.
In this practice the provisions of the Code of Civil *69 Procedure, which are mostly new, have made sweeping changes. Section 2080 abolishes oral pleadings, and allows no pleadings except such as are prescribed in sections 2067-2079. The only pleadings expressly prescribed in these sections consist of the writ—which is to fulfill the function of a complaint, the return—which is to fulfill the function of an answer, and a demurrer—which may be either a demurrer by the defendant to the writ (§ 2076), or a demurrer by the relator to the return (§ 2078).
The facts constituting the grievance complained of in the writ are to be stated in the manner in which a cause of action is to be stated in a complaint, and two or more of such grievances may be joined as so many causes of action. The person upon whom the writ is served, may demur or make return to the writ; or he may file a demurrer to a complete statement of facts contained in the writ, as constituting a separate grievance, and make a return to the remainder of the writ (§ 2076).
So the provisions of chapter sixth of the Code, relating to the form and contents of an answer, containing denials and allegations of new matter, except those provisions which relate to the verification of an answer, and to a counter-claim contained therein, are made applicable to a return to an alternative writ of mandamus, showing cause against obeying the command of the writ, and, for the purpose of the application, each complete statement of facts, assigning a cause why the command of the writ ought not to be obeyed, is regarded as a separate defense, and must be separately stated and numbered (§ 2077).
Section 2079 then provides that an issue of fact arises upon a denial, contained in the return, of a material allegation of the writ, or upon a material allegation of new matter, contained in a return, unless a demurrer thereto is taken; and that, where the relator demurs to a complete statement of facts, separately assigned as cause for disobeying the command of the writ, an issue of fact arises, with respect to the remainder of the return.
And finally, section 2082 provides as follows : “ Except *70 as otherwise expressly prescribed in the act, the proceedings, after issue is joined, upon the facts or upon the law, are, in all respects, the same as in an action, and each provision of this act, relating to the proceedings in an action, applies thereto. For the purpose of the application, the writ, the return, and the demurrer are deemed to be pleadings in an action. ...”
It thus clearly appears, that not only is there no provision made for a plea or reply to a return, but also that such plea or reply is no longer necessary under section 2079, and that by section 2080, it is even prohibited. Unless a demurrer is taken to the return, for insufficiency in law Upon the face thereof, as provided by section 2078, an issue of fact is created by the return itself under section 2079. In a note to the section last mentioned, Mr. Throop expressly says that the effect of the section is to dispense with a reply. The return is, therefore, to be treated in all respects like the answer to a complaint under section 964. But no answer requires a reply unless it contains a counter-claim (§ 514).
The consequence of all this is that the old rule that the relator, unless he demurred to the return, was bound to plead to it, and that, unless he so pleaded, the return was to be taken at the trial as true, has been completely abrogated.
In the case at bar the alternative writ shows that it was issued on the relation of Schaier Heftaniel, as President of the Edward Lasker Lodge No. 6, order of the American Star.
It recites, and the return does not deny, that said Edward Lasker Lodge Ho. 6, was duly created and instituted by the defendant as a subordinate lodge of the Order of the American Star, and that thereby it, and its members, became, pursuant to the charter granted to it and them by the defendant, entitled to certain rights, privileges and beriefits, and to an interest and share in the corporate property of the defendant.
The grievance complained of is then set forth by the *71 following allegation, viz : “That they (meaning the relators) have in all respects complied with your laws and the laws of this state, but that nevertheless, you, disregarding your manifest duty in the premises, have unjustly and unlawfully, and without serving proper charges upon them, and without a trial of them or any of them, and without giving them or any of them an opportunity for a defense, and without receiving, taking, or acting upon lawful evidence or testimony, you have unjustly, unlawfully, and wrongfully expelled the said Edward Lasker Lodge No. 6, and its members, from your said Order of the American Star, and that you have thereby unlawfully, unjustly and wrongfully deprived the said Edward Lasker Lodge No. 6, Order of the American Star, and its members, and the heirs at law and next of kin of such members, of their vested rights and interests in your property and estates and franchises, to the injury of the said Edward Lasker Lodge No. 6, Order of the American Star, and its members.”
The relief sought is the re-instatement of the said Edward Lasker Lodge No. 6, and its members, to all former rights, privileges and benefits.
The return denies each and every allegation contained in the foregoing statement of the grievance complained of, and specifically denies that Schaier Neftaniel is the president of Edward Lasker Lodge No. 6.
A jury trial not having been waived, nor a reference consented to, the issues thus raised must, under section 2083, be tried by a jury, as if they were issues joined in an action specified in section 968. Upon such a trial, section 2083 further prescribes, the relator or the defendant is entitled to a verdict, where he would be entitled thereto, if the issue was joined in an action, brought by the relator against the defendant, to recover damages for making a false return.
The actions specified in section 968 are : (1.) An action in which the complaint demands judgment for a sum of *72 money only. (2.) An action of ejectment; for dower; for' waste ; for a nuisance ; or to recover a chattel.
From the provisions of the two sections last mentioned it seems to follow that the issues of fact arising upon the return of a writ of alternative mandamus, may be brought on for trial in the same manner in which the issues of fact joined in any ordinary jury case are usually brought on, and that it is not necessary to have the issues distinctly and plainly stated for trial on a special motion made under section 970, or the General Rules of Practice.
True, it has recently been held by the general term of this court in Mackellar v. Rogers, that, although a defendant has, under section 974, a statutory right to have his counter-claim passed upon by a jury, where the issue presented by it is one which would have to be tried by a jury, if it had arisen in a separate action brought by the defendant against the plaintiff upon the same claim, he must, nevertheless, if the action brought against him is triable by the court without a jury, make his motion for the statement of the issues triable by jury. But that decision proceeded upon the ground that the main action was of an equitable character and triable by the court, and the counter-claim an incident, and that in such a case the rights of the plaintiff demanded that the defendant should claim his statutory right in advance of the trial of the main action. The principle of that decision is wholly inapplicable to the case at bar.
In the present case, there are no issues except such as arise upon the return, and they are triable by jury. The verdict is to be given under section 2083, in favor of the relator or the defendant, as if the action were an action by the relator against the defendant for a false return, and according to section 2082, each provision of the Code of Civil Procedure, relating to the proceedings in an action, applies to such a trial, except as otherwise expressly prescribed.
Under section 1187, the jury may, therefore, render a general verdict, or they may be directed to find specially *73 upon any or all of the issues. This is also in conformity with the rulings made in 35 Barb. 644, and 35 Barb. 651, which rulings are still good law, though the cases themselves were reversed upon other points in 26 N. Y. 316.
The verdict must be returned to, and the final order thereupon must be made by the special term as provided by section 2084, and the final order is to be deemed a final judgment, and is to be entered and docketed, and enforced as prescribed by section 2082.
The trial of the case may, therefore, proceed in conformity with the views expressed by me.