# REYNOLDS COUNTY TELEPHONE COMPANY, Appellant, v. CITY OF PIEDMONT, Respondent.

### Springfield Court of Appeals, January 3, 1911.

1. **TELEPHONE COMPANIES: Municipal Corporations: Damages to Cable: Negligence: Prima Facie Case.** At a meeting of the city council of a city of the fourth class, at which the mayor and only two of the four aldermen were present, a resolution was passed giving plaintiff, a telephone company, the privilege of laying a telephone cable, cemented in one corner of a sewer along a certain street. After the cable was laid the city authorities concluded to widen the sewer and in removing the cable, one of the employees struck it with a pick and damaged it. In a suit for damages against the city for negligently injuring the cable, it was held that the evidence failed to show that the cable was being removed in an improper manner, or that the employee negligently struck it, and as the company had never been duly authorized to lay the cable, there was no prima facie case of negligence shown by merely showing the injury.

2. **NEGLIGENCE: Improper Method of Doing Work: Failure to Protect: Estoppel.** In a suit by a telephone company against a city for damages for injury to a telephone cable, while it was being removed from a sewer, it appeared that for several days previous to the time the cable was injured, the president of the telephone company passed from four to six times a day along the street where the work was being done, and made no objection to the manner in which it was performed. *Held,* that the company had no right to say that the work was not conducted in a proper manner.

3. **MUNICIPAL CORPORATIONS: Telephone Companies: Laying Cable in Sewer: License.** The right to lay a telephone cable in a city sewer is at most a mere privilege or license, and if the city authorities, in the exercise of their discretion, attempted to widen the sewer, and in doing so removed the cable, the city is not liable as an insurer, and is only required to exercise ordinary care in removing it.

4. ——: ——: ——: **Laying Sewer With and Without Proper Authority: Duty of Care in Removal by City.** If a telephone company obtains authority in the manner required by law to lay a cable in a city sewer, then the city in removing it to widen the sewer must exercise ordinary care not to injure the cable; but where proper authority was not obtained for laying of the cable in the first instance, then the city in removing it, owes the duty not to willfully or recklessly injure it, and in the latter case the burden is upon the telephone company to show that the city unnecessarily and recklessly injured the cable, and a prima facie case is not made out by simply showing that the workman in picking to loosen the cement from around the cable, struck it with his pick and injured it.

5. ——: **Board of Aldermen: Quorum.** Where the mayor and only two of the four members of a board of aldermen were present at a meeting which passes a resolution, granting a telephone company the privilege of laying a telephone cable in one corner of a city sewer, the meeting was not legal, and the resolution was of no effect.

Appeal from Wayne Circuit Court.—*Hon. Joseph J. Williams,* Judge.

AFFIRMED.

*J. F. Lindsay* and *John H. Raney* for respondent.

(1) All acts of the board of aldermen not within the scope of authority granted them by their organic

law are ultra vires, and void. Independence v. Cleveland, 167 Mo. 384; Kirkwood v. Highlands Co., 94 Mo. App. 637; State ex rel. v. Allen, 178 Mo. 573.  (2)  It requires a majority of the aldermen elected members of the council to pass an ordinance or a resolution, and the yeas and nays voting therefor must appear in the minute journal. R. S. 1899, sec. 5955; O'Dwyer v. Monett, 123 Mo. App. 184.  (3)  The authorities in plaintiff's (appellant) statement and brief do not in a single instance bear on the case at bar, or tend to sustain its theory. Plaintiff failed to show negligence, but its evidence did tend to show an "accident" by some one to its cable. If negligence entered into the elements of this action it was mutual negligence: That is to say, the plaintiff was guilty of negligence in not removing its cable when notified so to do, as the city wanted to enlarge its sewer. Felver v. Railroad, 216 Mo. 195; Huss v. Bakery Co., 210 Mo. 54.

*Ernest A. Green* and *James F. Green* for appellant.

The theory of plaintiff's petition is that the damage resulted in consequence of the negligence of the city's employees. There being testimony in support of this theory, the question was one for the jury. Barree v. Cape Girardeau, 132 Mo. App. 182; Broadwell v. Kansas City, 75 Mo. 213; Worth v. Springfield, 78 Mo. 107; Hillsdorf v. St. Louis, 45 Mo. 97; Golden v. Clinton, 54 Mo. App. 100; Hannaford v. Kansas City, 103 Mo. 172; Wood v. Kansas City, 158 Mo. App. 278; Rockland Water Co. v. Rockland, 83 Me. 267; 3 Abbott on Municipal Corporations, 2110; Elliot on Streets, sec. 483.

GRAY, J.—The city of Piedmont at the times hereinafter mentioned, was a city of the fourth class in Wayne county. The plaintiff at such times, was a

corporation organized under the laws of this state, and engaged in operating a system of telephones in said city and vicinity. The petition alleged that the city had granted plaintiff permission to establish and operate its system within its borders, and that in pursuance of said permission, plaintiff had laid a certain cable, containing divers wires connected with its telephones in various parts of the city, in a certain sewer or ditch on the southern side of a public street in said city. It was alleged that such cable had been maintained by the plaintiff in said sewer ditch from the —— day of June, 1903, to the 23d day of July, 1908.

The negligence charged in the petition is as follows: "That about the 23d day of July, 1908, defendant, without the knowledge or consent of the plaintiff and without giving plaintiff any notice of its purpose to interfere with plaintiff's wires, did, by its agents, employees, and servants, wrongfully, carelessly and negligently cut into, puncture and dig up said cable, and destroy and ruin the leaden pipe enclosing said wiring, severing, and destroying many of said wires and said cable, thereby rendering all of said wires unfit for use and preventing the plaintiff from supplying telephonic communication to any of its patrons theretofore supplied through said cable until another cable could be procured and laid."

The answer was a general denial. The cause was tried at the February term, 1909, in the Wayne County Circuit Court, and after hearing the evidence, the court directed a verdict for the defendant. Thereupon judgment was entered, and plaintiff appealed.

The evidence tends to show that on the 2d day of June, 1903, the board of aldermen of the city of Piedmont, at a meeting when only two aldermen and the mayor were present, adopted the following resolution: "It was then moved and carried that the Reynolds

County Telephone Company be granted a permit to lay a seventy-five pair lead cable cemented in one corner of the sewer on Fir street from the corner of Second to Fourth street.''

The resolution was signed by the mayor and city clerk. At the time the resolution was adopted there were two wards in the city and two members of the board from each ward.

After the adoption of said resolution, the plaintiff laid its cable in the bottom and at the north side of the public sewer on Fir street, between Second and Fourth streets. The cable was a lead pipe in which a large number of ordinary telephone wires were encased, and each separated from the other by wrapping, so that one would not interfere with the current passing through the other. The cable was protected by means of a cement case in which it was laid.

Some time in 1908, the city authorities concluded to widen the sewer and for that purpose, took out the wall on the north side and removed the plaintiff's cable. The cement put in as a protection to the cable was hard, and in removing it and the wall on the north side of the sewer, the workmen used picks, and while one of the workmen in the employ of the city was so engaged, the plaintiff's testimony tends to show that he struck the cable with the point of his pick and made a hole in it. It is not shown by the testimony how the workman happened to strike the cable with his pick. The evidence simply shows that he did so strike it, but what caused him to do so does not appear.

The plaintiff claims that when the pick was struck into the cable, that it let water into it which circulated among the wires, and caused the loss of the cable.

If the plaintiff is to recover in this case, it must be from the fact that the evidence shows the defendant's servant was guilty of negligence in striking the cable with his pick. At the trial the plaintiff offered some testimony tending to prove that the sewer could

have been widened without removing the cable. The city claimed it could not be done, as the sidewalk was on the south side of the street and the work had to be done on the other side of the sewer where the cable was laid. The undisputed fact, however, is that the president of the company, for several days·previous to the time the cable was injured, saw the employees of the city at work removing the cable, and no objection was made thereto. He passed from four to six times a day along the street where the work was being done. This appears from the plaintiff's own testimony, and we are,.therefore, of the opinion, that having witnessed the work going on from day to day without objection plaintiff did not afterwards have the right to say that the work was' not conducted in the proper manner. The right to lay the cable in a sewer of the city was at most a mere privilege or license, and if the city authorities, in the exercise of a discretion, attempted to widen the sewer, the city was not liable as an insurer against injury to the plaintiff's cable, and was only required to exercise ordinary care not to negligently and carelessly injure it. When the plaintiff knew that the city was widening the sewer, and that its cable was in the sewer, if it had any objections to the manner in which the work was being done, it should have made them known to the city.

There are two questions presented on this appeal. First. Is the city liable for the negligent act of an employee under the circumstances of this case? Second. If we decide the first point in favor of the plaintiff, did the evidence make out a prima facie case of negligence against the defendant?

At the time the cable was laid in the sewer, the statute of the state (sec. 1251, R. S. 1899) required the company to first obtain the consent from the city through its municipal authorities to lay its pipe under the street. The plaintiff claims it obtained that authority. Cities in such matters can only act through

their board of aldermen, and that body is required to make a record of its proceedings. Section 5910, Revised Statutes 1899, provides that cities of the fourth class shall have not less than two wards, and there shall be two members of the board elected from each ward.

The evidence shows the city had complied with this statute, and at the time the above resolution was introduced, there were four members of the board. But the evidence shows that at the meeting when the resolution was passed, only two members of the board were present. The meeting was not legal, and no business there transacted was binding on the city. [Dillon on Municipal Corporations, vol. 1, (4 Ed.), sec. 278; O'Dwyer v. Monett, 123 Mo. App. 184, 100 S. W. 670.]

The plaintiff claims that in as much as the mayor was present at the meeting, that a quorum was present. Section 5899, Revised Statutes 1899, plainly provides that the mayor can only vote in case of a tie.

If the plaintiff had obtained the consent of the city authorities in the manner required by law, and the employee of the city, while widening the sewer for the city, failed to exercise ordinary care and injured the property of the plaintiff, then the defendant would be liable to the plaintiff for such negligent act. [Barree v. Cape Girardeau, 197 Mo. 382, 6 L. R. A., N. S. 1090, 95 S. W. 330.] But when the plaintiff had laid its pipe under the street without first obtaining the consent of the municipal authorities, as provided by the statute, we do not believe it made out a prima facie case of negligence by simply showing that the workman in the employ of the city and while picking to loosen the rock and cement struck the cable with the pick and injured it. The fact that the cable was in the sewer without the legal consent of the city, did not authorize the city to willfully or recklessly injure or

destroy it, and if the evidence showed that the city recklessly and unnecessarily injured or destroyed plaintiff's property, then a different case would be presented. But all the evidence shows that prior to the time the cable was struck with the pick, about two hundred feet of the sewer had been opened and the cement removed from plaintiff's cable, and it had been removed without injury and placed on top of the ditch, and that the city was attempting to protect the plaintiff's property from injury, and unintentionally, either by mere accident or the failure of defendant's servant to carefully guard the point of his pick (and the evidence does not show which) the cable was struck and injured.

In considering the evidence, we have not overlooked the testimony offered by the plaintiff to the effect that after the cable had been punctured, the so-called deputy street commissioner of the city stated he expected the city had furnished him incompetent men to do the work. This was a declaration made after the injury complained of had occurred, and by an officer not authorized to bind the city by his declarations.

The premises considered, we are of the opinion that under all the circumstances the plaintiff failed to make out a case, and that the trial court did not err in refusing to submit the plaintiff's case to the jury. The judgment will be affirmed. All concur.