**STATE ex rel. Rosalie CIARAMITARO, Relator-respondent,**

v.

**CITY OF CHARLACK, Missouri, a Fourth Class City, Richard W. Patton, Mayor, City of Charlack and Raymond P. Nugent, Alderman, City of Charlack, Bobby O. Kinnaird, Alderman, City of Charlack, Appellants.**

No. 47716.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 11, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Wallach & Steele, Jerome Wallach, St. Louis, for relator-respondent.

Harry L. Ritchey, St. Ann, for appellants.

SIMON, Judge.

Rosalie Ciaramitaro petitioned the Circuit Court of St. Louis County for a writ of mandamus to compel the City of Charlack to reinstate her as Chief of Police. The City of Charlack appeals from a judgment granting a peremptory writ of mandamus.

Respondent was duly appointed Chief of Police, effective April 1, 1978, of the City of Charlack, a fourth class city. See §§ 79.010 et seq. RSMo 1978.[1] On June 27, 1983, the mayor of Charlack recommended her dismissal to the four-member Board of Aldermen. Two members voted in favor of the dismissal, two voted against the dismissal. The mayor broke the tie by voting in favor of dismissing Ciaramitaro.

Mandamus is a proper remedy for the illegal discharge of a public officer from her office. See *State ex rel. Missey v. City of Cabool*, 441 S.W.2d 35, 43–44[18] (Mo.1969); cf. *State ex rel. Gallagher v. Kansas City*, 319 Mo. 705, 7 S.W.2d 357, 367 [11] (Banc 1928). An appeal will lie from an order awarding a peremptory writ of mandamus. See *Lewis v. Price*, 11 Mo. 398 (1848); *Bastan v. Board of Trustees of The Fireman's Fund*, 88 Mo.App. 22, 23 (1901).

On appeal, two issues are presented: (1) whether the mayor has the authority under § 79.120 to break a tie vote among the aldermen when the question before the

1. All statutory references are to RSMo 1978 unless otherwise noted.

board concerns the removal of an officer under § 79.240; (2) if the mayor does possess the authority to break a tie vote, is he an "interested party" under § 79.120 so that he is disqualified from voting. We reverse.

■ To resolve the first issue, §§ 79.120 and 79.240 must be reconciled. Under § 79.240 an appointed officer of a fourth class city may be removed at will by the mayor with the consent of a majority of all members elected to the board of aldermen. Section 79.120, however, permits the mayor to vote on issues before the board of aldermen in order to break a tie vote, provided that the mayor is not an "interested party" in the proposal before the board.

Although we have found no Missouri cases addressing whether a mayor is considered one of the "members elected to the board of aldermen" under § 79.240, substantially the same language appears in § 79.130, which requires a majority of the members elected to the board to approve an ordinance before it becomes law. In *Mound City ex rel. Reinert Bros. Const. Co. v. Shields*, 220 Mo.App. 798, 278 S.W. 798 (1925), the court held that § 8404 RSMo 1919, now § 79.120, gives the mayor the right to cast the tie-breaking vote when the question before the board of aldermen concerns the passage of an ordinance. 278 S.W. at 801[4]; see also *Grant City v. Salmon*, 221 Mo.App. 853, 288 S.W. 88, 90 (1926). If § 79.120 effectively makes the mayor a member of the board of aldermen for purposes of resolving a tie among the aldermen under § 79.130, then under § 79.120 the mayor has the right to break a tie vote when the question before the board arises under § 79.240.

Respondent cites *Reynolds County Telephone Co. v. City of Piedmont*, 152 Mo. App. 361, 133 S.W. 141 (1911) in support of her position that the mayor is without authority to cast a tie-breaking vote in cases involving § 79.240. In *Reynolds County Telephone*, the court held that the mayor of a fourth class city cannot be considered when determining whether a quorum of the board of aldermen is present. 288 S.W. at 142. *Reynolds County Telephone Co.* may be read as holding that the mayor is not a member of the board for purposes of determining a quorum, but that does not resolve the issue here. The mayor is limited to casting only a tie-breaking vote, and he may not be considered a member of the board for purposes of determining a quorum; otherwise, less than a majority of the members of the board of aldermen could vote on questions before it. Whether the mayor is a member of the board of aldermen for purposes of breaking a tie is a different question.

Section 79.120 gives the mayor the authority to break a tie vote on any question before the board. Thus, the mayor may cast a tie-breaking vote regardless of whether the board is considering the passage of an ordinance, the removal of an officer, or some other proposed action. The phrase "members elected to the board of aldermen," within the context of §§ 79.130 and 79.240, simply reinforces the idea that the questions of approval of an ordinance or of removal of an officer are questions to be answered by the board of aldermen; the question of how tie votes are resolved is not answered by either § 79.130 or § 79.240.

■ Turning to the second issue, the only exception in § 79.120 to the mayor's authority to resolve a tie vote is that the mayor may not "vote in cases when he is an interested party." Respondent argues that the mayor is an interested party because he initially proposed the removal of respondent from her post as Chief of Police.

"A mayor may be precluded or disqualified by self-interest from giving the casting vote, but a distinction has been made where the interest was not directly personal or pecuniary." 4 McQuillen Mun.Corp. § 13.25 (3d Ed.). The distinction is sound and consistent with the rule that court a will not generally inquire into the motives of municipal legislators in casting a vote. See *Strandberg v. Kansas City*, 415 S.W.2d 737, 742[3, 4] (Mo. banc 1967).

Here, no allegation has been made that the mayor has a personal or pecuniary interest in the removal of respondent from her office. No allegation or evidence is present indicating that the mayor's action results from deep personal enmity for respondent or that the mayor wishes to appoint a family member or close personal friend as chief of police. Nor has there been any indication that the mayor has a financial stake in the removal of respondent.

Both respondent and the trial court have stated that giving the mayor the right to break a tie in the present case would give the mayor two votes. Using this rationale, a total of six votes would have been cast, i.e., four aldermanic votes plus two mayoral votes. However, only five votes were counted, four votes cast by the aldermen and one vote by the mayor.

 Respondent also contends that appellant has not preserved for appellate review the issue of whether the mayor may cast the tie-breaking vote in personnel matters because the issue was not raised in appellant's motion for new trial. The contention is without merit. "For appellate review of cases tried without a jury ... neither a motion for new trial nor a motion to amend the judgment is necessary to preserve any matter for appellate review." Rule 73.01(b). "... [I]f a motion for new trial is filed, the fact that it may be imperfect does not prejudice the appellant's position on appeal." *Don L. Tullis & Associates, Inc. v. Gover*, 577 S.W.2d 891, 893[1] (Mo.App.1979); See also *Coale v. Rickard*, 540 S.W.2d 151, 152[1] (Mo.App.1976). Respondent's reliance on *Adams v. Richardson*, 337 S.W.2d 911, 915 (Mo.1960) and *Fincher v. England*, 463 S.W.2d 82, 86 (Mo.App.1971) is misplaced. *Adams* and *Fincher* were each decided before Rules 73.01 and 78.07 (previously Rule 79.03) was amended in 1974 to expressly relieve an appellant from the burden of filing a motion for new trial or a motion to amend the judgment. See Rule 73.01, Committee Note—1974; Rule 78.07, Committee Note—1974.

Judgment reversed.

CRIST, P.J., and PUDLOWSKI, J., concur.