Dear Senators Treppler and Bild:
This letter is in response to your request for an opinion of this office asking as follows:
 Will the Missouri Court of Appeals, Eastern District, decision, State ex rel. Ciaramitaro vs. Charlack, 679 S.W.2d 405
(Mo.App. 1984), that a mayor in a fourth class city may break a tie vote on the Board of Alderman have an affect on sections 79.120, 79.230 and 79.320, RSMo 1978?
 On a six member board, will the mayor be able to break a tie vote on his/her appointments under section 79.230, RSMo 1978?
The sections to which you refer[1] provide as follows:
 79.120. The mayor shall have a seat in and preside over the board of aldermen, but shall not vote on any question except in case of a tie, nor shall he preside or vote in cases when he is an interested party. He shall exercise a general supervision over all the officers and affairs of the city, and shall take care that the ordinances of the city, and the state laws relating to such city, are complied with.
 79.230. The mayor, with the consent and approval of the majority of the members of the board of aldermen, shall have power to appoint a treasurer, city attorney, city assessor, street commissioner and night watchman, and such other officers as he may be authorized by ordinance to appoint, and if deemed for the best interests of the city, the mayor and board of aldermen may, by ordinance, employ special counsel to represent the city, either in a case of a vacancy in the office of city attorney or to assist the city attorney, and pay reasonable compensation therefor, and the person elected marshal may be appointed to and hold the office of street commissioner.
 79.320. The board of aldermen shall elect a clerk for such board, to be known as "the city clerk", whose duties and term of office shall be fixed by ordinance. Among other things, the city clerk shall keep a journal of the proceedings of the board of aldermen. He shall safely and properly keep all the records and papers belonging to the city which may be entrusted to his care; he shall be the general accountant of the city; he is hereby empowered to administer official oaths and oaths to persons certifying to demands or claims against the city.
In the Charlack case, which you cite, the Missouri Court of Appeals, Eastern District, concluded that the mayor of a fourth class city was not precluded from casting a tie-breaking vote on the question of the removal of a city's police chief, even though under Section 79.240, RSMo 1978, the removal of the appointed chief of police was to be by the "mayor . . . with the consent of a majority of all the members elected to the board of aldermen. . . ." The court in that case also concluded that the mayor was not precluded from casting the tie-breaking vote on the grounds that he "is an interested party" as provided in Section 79.120
since there was "[n]o allegation or evidence . . . present[ed] indicating that the mayor's action results from deep personal enmity for respondent or that the mayor wishes to appoint a family member or close personal friend as chief of police. Nor has there been any indication that the mayor has a financial stake in the removal of respondent." 679 S.W.2d at 408.
We note that the Charlack case was ultimately denied transfer to the Missouri Supreme Court. We further note that we are in disagreement with the conclusion reached by the Court. However, since there is no other Missouri appellate case on the precise subject or on the related questions that you pose, we are required to accept the interpretation of the court and to apply the reasoning of the court's holding to such other statutes as may be applicable.
When the opinion of the court became final, this office withdrew the following opinions: Opinion No. 72, dated April 21, 1939, to Pulley, which held that a mayor of a city of the third class cannot vote to break a tie vote of a council on a question of confirmation of his appointee; Opinion No. 37, dated May 4, 1943, to Harned, which held that a mayor of a city of the third class cannot vote to break the tie vote of a council on a question of confirmation of his appointee; and Opinion Letter No. 201-1977, which concluded that the mayor of a fourth class city has no authority to vote in case of a tie with respect to the removal of an appointed city officer which was sought by the mayor.
Therefore, in direct answer to your question, the Charlack
case compels the conclusion that unless there is clear evidence of a personal interest of the type indicated in Charlack, the mayor will have the right to break a tie vote on mayoral appointments made under Section 79.230. Charlack, however, does not affect our prior views with respect to the "election" of the city clerk by the board of aldermen under Section 79.320. That section appears to be separate and distinct from Section 79.230
respecting the appointment power of the mayor with the consent and approval of the majority of the board of aldermen. Section79.320 provides that the board of aldermen shall elect a clerk. We have previously concluded, and we believe correctly so, that the mayor does have a right to break a tie vote on the question of the election of the city clerk when the mayor is not an interested party and the motion to appoint, as is appropriate under Section 79.320, is made and seconded by aldermen. Opinion Letter No. 102-1981.
Finally, it is our view that the Charlack holding is questionable. Therefore, it is our recommendation that the better practice would be for the mayor not to vote to break a tie under Sections 79.230 or 79.240.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] All statutory references are to RSMo 1978, unless otherwise indicated.