## WILLIAM S. CARROLL v. E. J. WALL.

CITY OF SECOND CLASS — *Tie Vote in Council*. The mayor of a city of
the second class is authorized to give a casting vote upon the con-
firmation of an officer appointed by him, where the council is equally
divided on the question.

### *Original Proceedings in Quo Warranto.*

ACTION brought in this court, May 6, 1885, by *William S.
Carroll* against *E. J. Wall*, to determine the right between
plaintiff and defendant to the office of city attorney of the City
of Kansas. The facts sufficiently appear in the opinion, filed
March 5, 1886.

*Goodin & Keplinger*, *N. Cree*, and *Wm. S. Carroll*, for
plaintiff.

*Thos. P. Fenlon*, *Sherry & Harlow*, and *E. J. Wall*, for
defendant.

The opinion of the court was delivered by

JOHNSTON, J.: This is a controversy concerning the title
to the office of city attorney of the City of Kansas, which
is claimed by William S. Carroll by virtue of having been
elected thereto at the regular election in April, 1883. He was
then chosen for a term of two years, and until his successor
was elected and qualified. On March 11, 1885, an act amenda-
tory of the law relating to cities of the second class went into
effect, which provided that the city attorney should be ap-
pointed by the mayor, with the consent of the council. (Laws
of 1885, ch. 99.) In pursuance of this law, and on the 13th
day of April, 1885, the mayor of the City of Kansas nomi-
nated the defendant, E. J. Wall, as city attorney, and sub-
mitted his name for confirmation to the council, which was
then in session, with all the members present. A vote was
taken thereon, upon which the council divided equally, and
thereupon the mayor gave a casting vote in favor of confirma-

tion. The defendant was immediately installed in the office, and now holds and claims the same by virtue of the appointment and confirmation thus made. The question to be decided is, whether the mayor has a right to give a casting vote upon the confirmation of an appointment when there is a tie, and it is purely one of statutory construction. Section 21 of the statute governing cities of the second class, gives the mayor a casting vote, in these words: "The mayor shall preside at all meetings of the city council, and shall have a casting vote when the council is equally divided, and none other." (Comp. Laws of 1879, ch. 19.) This is a prospective provision, which is broad and general in its terms, and the power therein conferred on the mayor to give a casting vote, if not restricted by other provisions of the statute, extends to a vote upon every question where the council is equally divided.

The plaintiff contends that there are exceptions, and that the provision with respect to appointments is one of them. The language of that provision is: "The mayor shall appoint, by and with the consent of the council, a city marshal, a city clerk, a city attorney, a city assessor, and may appoint an assistant marshal, a city engineer, a street commissioner, and such policemen and other officers as may be necessary." (Sec. 13.) There is no express denial in this provision of the power conferred by § 21 upon the mayor to give a casting vote when the council is equally divided, nor do we think that such an exception arises by implication. Upon certain questions which come before the council, so many votes are required that a tie vote cannot arise, and the mayor is thus precluded from giving a casting vote. Counsel for plaintiff call these exceptions to the rule prescribed in § 21, and liken them to the provision enacting that appointments shall be made with the consent of the council. In § 19 of the act it is provided that the council, by a vote of the majority of all the members elect, may, for cause, remove certain officers; and in § 42 of the same act it is said that "no ordinance providing for the borrowing of moneys, levying taxes, or appropriating money, shall be of any validity unless a majority of all the councilmen elect shall vote

for such ordinance." In these provisions the legislature has clearly taken the questions referred to, outside of that provision of § 21 which gives the mayor a casting vote; but it has made no such requirement respecting confirmations. If it had been the intention to require a majority of the council to consent to or confirm an appointment, it would have been easy to have so said, and in expressing its purpose the legislature would likely have used the same or similar language as was employed in the provisions above quoted. That the legislature explicitly required a majority in those cases and not in the one respecting appointments, argues strongly against the position assumed by the plaintiff.

It is contended that as it is provided that the council shall consent to and confirm the appointment, it necessarily means that the consent must be given by the council acting as a separate and independent body. This can hardly be, as the council is not authorized to act independently of the mayor. It cannot withdraw from or exclude him from its council meetings. The statute provides that when the members meet as a council, the mayor shall be present and preside. And the mere fact that the legislature stated that the council shall confirm, when read in connection with other provisions of the act, does not manifest an intention to exclude the mayor from giving a casting vote.

*Mayor may give casting vote, when.*

In the sections conferring power upon the mayor and council, the usual and almost the only form of expression employed is, that "the council shall have power" to do this, that and the other, making no mention of the mayor; and yet no one would argue that it was intended that the council should act apart from and independently of the mayor. And it would also be readily conceded that if the council should divide equally upon the exercise of many of the powers conferred, the mayor would have a deciding vote. The provision that the council shall confirm an appointment is no more restrictive of the power given in § 21 than other provisions of the act where the council alone are mentioned. The power conferred upon the mayor by that section cannot be held to have been

taken away or restricted by other provisions of the statute, unless they are clear and unambiguous to that effect.

The other matters brought to our attention by the plaintiff are not material, and therefore the relief which he asks must be denied. Judgment for costs will be given in favor of defendant.

VALENTINE, J., concurring.

HORTON, C. J.: I do not think it good policy for the mayor to be permitted to give the casting vote upon the confirmation of his own nominations to the city council; and unless the language of the statute imperatively demands such a construction, the mayor should have no vote in the confirmation of his appointments. I think the words that "the mayor shall appoint, by and with the consent of the city council," should be construed to mean that, while the mayor may appoint, the council *alone* shall confirm, and that it was not the intention of the legislature to permit the mayor to control or participate in the confirmation by giving him the casting vote.