# ISAAC HECHT *vs.* WM. N. COALE.

*Municipal Corporations—Right of Mayor Under Charter to Vote When Council Equally Divided—Condition of Bond of Treasurer not in Conformity With Ordinance—Filing Proper Bond After Time Prescribed.*

The charter of Havre de Grace (Local Code, Art. 13, sec. 180), provides that in case of a tie vote in the City Council, upon any question whatever, the Mayor shall have the right to vote and shall decide the question in dispute. Sec. 145 of said Article provides that the Mayor shall appoint a Treasurer and certain other officers subject to confirmation by the City Council. The Mayor nominated to the Council a certain person for Treasurer and the Council was equally divided upon the question of confirmation. *Held*, that under the charter the Mayor was entitled to vote and decide the question in dispute as to the confirmation or rejection of the nomination,

An ordinance of the Mayor and City Council of Havre de Grace required the Treasurer to file a bond within thirty days after confirmation of his appointment, conditioned that "he will truly and faithfully discharge, execute and perform all and singular the duties required and which may be required of him by the Constitution and laws of the State and the ordinances of the city." Plaintiff, who was appointed Treasurer, filed a bond conditioned that upon the expiration of his office he would make a just and true account of all such sum or sums of money as shall come into his charge as Treasurer and shall pay over to his successor in office all sums of money due from him to said city. *Held*,

1st. That the bond so filed is not a substantial compliance with the terms of the ordinance and that consequently plaintiff is not entitled to the office of Treasurer.

2nd. That the filing of a proper bond by plaintiff subsequently and more than thirty days after his confirmation does not qualify him for the office.

Appeal from a *pro forma* order of the Circuit Court for Harford County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Richard Dallam* and *Edwin G. Baetjer* (with whom was *O. T. Rogers* on the brief ), for the appellant.

*Stevenson A. Williams* and *Thos. H. Robinson* (with whom were *Geo. L. Van Bibber* and *P. L. Hopper* on the brief), for the appellee.

FOWLER, J., delivered the opinion of the Court.

We have just held in the case of *Vanneman* v. *Pusey*, the case preceding this, that the defendant, Pusey, was duly qualified and, therefore, duly elected Mayor of Havre de Grace. The case now before us depends largely upon the facts involved in the case just mentioned, and in this, as in the former case, title to a public office is involved.

Isaac Hecht was appointed Treasurer of Havre de Grace by the Mayor of that city according to provisions of the new charter; sec. 145, Art. 13, Public Local Laws (Harford County) which provides that the Mayor shall appoint, among other officers, a Treasurer, and present the name of his appointee to the City Council for confirmation or rejection.

It appears that in pursuance of the duty thus prescribed the Mayor, Clarence C. Pusey, appointed the plaintiff, Mr. Hecht, as Treasurer, and duly presented his name for confirmation, but upon this question there was a tie vote, three of the City Council voting for and three against the confirmation of the Mayor's appointee. At a subsequent meeting the same situation was presented, when the Mayor claimed the right to vote and cast his vote in favor of Mr. Hecht, thus securing the confirmation of his appointee.

Having been thus appointed by the Mayor, and his appointment having been thus confirmed by the City Council, the plaintiff filed his bond as Treasurer of Havre de Grace, and demanded of William N. Coale, who had been acting as Treasurer of that city, that he should give up and vacate the said office and permit him, the said Hecht, to occupy the same and perform the duties thereof and to take and have possession of the money and securities, &c., belonging thereto. This demand was refused, and the plaintiff filed his petition for *mandamus*, setting forth the above facts and others not necessary now further to recount. It is sufficient to say that the

defendant answered, and the case was heard by the Court without a jury.    An order was passed dismissing the petition, and the plaintiff appealed.

Having already held in the former case that Clarence C. Pusey who appointed the plaintiff Treasurer, was duly qualified and elected as Mayor, we need now only consider, · First, whether the Mayor was authorized by the charter to vote, in case of a tie vote, on the confirmation of his own appointment, and if so, secondly, whether the bond filed by the plaintiff as Treasurer is a sufficient compliance with Ordinance 91.

1. The language of sec. 180, Art. 13, is as follows: "In case of a tie vote in the City Council, *upon any question whatever*, the Mayor · shall have the right to vote and shall decide the question in dispute."    In our opinion this provision of the charter is too clear to admit of doubt.    Independent of authority, therefore, the Mayor must be held to have legally voted and decided the question in dispute as to the confirmation of his appointment of the plaintiff.    This view is supported by the following adjudications, where the same question is presented.    *State* v. *Pinkerman*, 63 .Conn. 191; *Carroll* v. *Wall*, 35 Kan. 36; *State* v. *Yates*, 19 Mont. 239.

(2.) Was the bond filed by the plaintiff sufficient?

Section 2 of Ordinance 91 requires that the Treasurer before entering upon his official duties shall file with the Mayor a bond with securities in the penalty of $4,000 with condition "that he will truly and faithfully discharge, execute and perform all and singular the duties· required, and which may be required of him by the Constitution and laws of the State and the ordinances of the city."

The condition of the bond which was filed is "that if the said Isaac Hecht, his executors, &c., at the expiration of said office, upon request to him or them made shall make and give unto such auditor or auditors as shall ·be appointed by the Mayor and City Council of Havre de Grace aforesaid, a just and true account of all such sum or sums of money as shall come into his hands, charge or possession, as Treasurer aforesaid, and shall and do pay and deliver over to his successor

in office or to any other person duly authorized to receive the same, all such balances or sums of money which appear to be in his hands and due from him to the said city, then this obligation to be void, otherwise, &c.

It is apparent that the condition of the bond falls far short of the condition prescribed by the ordinance.

It is obvious that the condition in the bond filed is not a compliance in terms with the ordinance. It is not even a substantial compliance with it for there is nothing in the condition which would indicate that it is given to *"secure the performance of the duties of the office which are now prescribed and the performance of those which may hereafter be required by the Constitution, laws and ordinances."* What duties, if any, are prescribed by ordinances we are not informed by the record, nor can it be ascertained from the very nature of the case what duties may be prescribed by ordinances during the plaintiff's term. The result is that the language of the condition of the bond is too narrow. The fact that a bond in proper form was filed subsequent to the filing of the petition can have no effect upon the questions involved in this appeal, because under the provisions of Ordinance 91, the first bond being invalid, the plaintiff has failed to file a proper bond within thirty days from the confirmation of his appointment as required and he is therefore disqualified. Ordinance 91, sec. 5. His appointment was confirmed February 4th, 1901, and the second bond was not filed until 30th March, of same year.

The petition of the plaintiff was, therefore, properly dismissed.

*Pro forma order affirmed with costs.*

(Decided June 14th, 1901.)