Decided 18 August, 1902.

## McCOURT v. BEAM.

[69 Pac. 990.]

CITY COUNCIL—MAYOR—TIE VOTE.[*]

Under charter provisions providing that a city council shall appoint certain officers with the consent of the mayor, that the latter shall give the casting vote in case of a tie in the council, and that the government of the city shall be vested in a mayor and a common council, the mayor has a right to vote on the nomination of such officers where the vote of the council is evenly divided.

From Umatilla: W. R. Ellis, Judge.

Action of mandamus by John McCourt against John E. Beam, in which plaintiff prevailed, and defendant appealed.

> AFFIRMED.

For appellant there was a brief over the names of *James A. Fee, John J. Balleray* and *Stillman & Pierce,* with an oral argument by *Mr. Balleray.*

For respondent there was a brief over the names of *John McCourt* and *Thomas G. Hailey,* with an oral argument by *Mr. Hailey.*

Mr. Justice Bean delivered the opinion of the court.

This is a mandamus proceeding to compel the defendant to deliver to plaintiff the books, records, papers, files, and furniture pertaining to the office of Recorder of the City of Pendleton. Some preliminary questions are presented as to the sufficiency of the alternative writ, and as to what matters are properly determinable in this proceding; but we shall not notice them in detail. The alternative writ alleges the plaintiff's appointment as recorder by the common council of the city, with the consent of the mayor, his qualification, the issuance to him of a certificate of appointment and qualification, a demand by him on the defendant, who was his predecessor

---

*Note.—On this point see *Rushville Gas Co.* v. *City of Rushville,* 6 L. R. A. 315, 16 Am. St. Rep. 388 ; *Magneau* v. *City of Fremont,* 27 Am. St. Rep. 436, 9 L. R. A. 786 ; *State ex rel.* v. *Pinkerman,* 22 L. R. A. 653 ; *Wooster* v. *Mullins,* 25 L. R. A. 694 ; *Brown* v. *Foster,* 31 L. R. A. 116 ; *State ex rel.* v. *Yates,* 37 L. R. A. 205.—REPORTER.

in office, for possession of the books, papers, and files of the office, and the latter's refusal to comply therewith; and, although it may not set out the facts upon which the plaintiff relies with that particularly required by good pleading, the defects therein, if any, are merely formal, and are cured by the answer. We pass directly, therefore, to the consideration of the real point in controversy.

On January 2, 1902, the defendant was appointed city recorder by the common council, with the consent of the mayor, immediately qualified as such, and entered upon the discharge of his duties. He continued to serve in that capacity until the 26th of the following month, when a resolution for his removal came up for consideration by the common council in regular session; all the members being present, and the mayor presiding. Upon the resolution being put to a vote, four councilmen voted in the affirmative, and four in the negative. The mayor thereupon, ruling that, under the city charter, he had authority to break the tie, voted in favor of the resolution, and the defendant was declared removed, and the office vacated. The plaintiff was then appointed to fill the vacancy by the same vote, immediately qualified, and a certificate of his appointment and qualification was duly issued to him by direction of the council. He thereafter demanded of the defendant possession of all the books, records, papers, and other property of the office, and, the defendant refusing to surrender them, this proceeding was commenced. The question to be decided, therefore, is whether the mayor of the city has a right to give the deciding vote upon the removal and appointment of a city recorder where the council is a tie.

By section 1, article II, of the charter of Pendleton (Laws 1899, p. 710), the government of the city is "vested in a mayor and common council, to consist of eight members," and by section 7, article III, it is provided that the mayor shall preside at all meetings of the council, and "give the casting vote in case of a tie." By section 6, article II, the recorder and marshal of the city were to be elected biennially by the legal voters, but in 1901 it was so amended as to provide that

"the common council shall, with the consent of the mayor, appoint a recorder and a marshal, who shall hold their respective offices during the pleasure of the council, and be subject to removal from office at any time by its resolution": Spec. Laws 1901, p. 401. The defendant contends that, under this amendment, the mayor has no right to participate in the appointment of a recorder, even to the casting vote in case of a tie; that the appointment must be made by a majority of the council, independent of the mayor; and that his only right therein is to give or withhold his consent. It is not believed that this is a proper construction of the language of the section. The amendment is a part of the city charter. The charter does not authorize the council to act independently of the mayor, or one of its members chosen to act in his place in case of his absence or inability to serve. He is made a constituent part of the governmental body of the city, with certain duties, rights and powers. He is, for certain purposes, a part of the council; is counted to make a quorum (section 1, article IV); is required to preside over its meetings; and, in case of a tie, his right to vote is as clearly provided for by the charter as that of any member of that body. Now, the appointment to an office by the council necessarily requires a vote of the persons authorized by the charter to participate in its deliberations, and the mere fact that such appointment is not valid without the consent of the mayor does not manifest an intention to exclude him from giving the casting vote in case of a tie any more than in other cases. By the charter, the "common council," without mentioning the mayor, is given power and authority to do many things; yet it would hardly be contended that the mayor could not participate in its deliberations to the extent of giving the casting vote in case of a tie. The provision in the amendment of 1901, that the appointment to the office of recorder or marshal shall require his consent to be operative, is no more restrictive of his powers than the many other provisions where the common council alone is mentioned. It was not intended thereby to take away any of his rights, but, on the contrary, to enlarge his powers

by making his consent necessary to every appointment to the office of recorder or marshal, without regard to the vote of the council. In ordinary cases, a majority vote of a quorum of that body would control, regardless of the wishes of the mayor; but the amendment makes his consent essential in case of an appointment to the offices mentioned. Under city charters giving the mayor a right to vote in case of a tie, and providing that he shall appoint to office by and with the consent of the council, it is uniformly held, as far as we are advised, that he is authorized to give the casting vote upon the confirmation of his nominee when the council is equally divided: 1 Dillon, Mun. Corp. (4 ed.), § 270; *Carroll* v. *Wall*, 35 Kan. 36 (10 Pac. 1); *State ex rel.* v. *Yates*, 19 Mont. 239 (47 Pac. 1004, 37 L. R. A. 205). And the same reasoning and principles apply in the case at bar. If the legislature had intended to deny the mayor. a right to vote upon the appointment to an office in case of a tie, it could easily have required such appointment to be made by a majority vote of the council; but, there being nothing in the act indicative of such intention, his right to vote remains the same in this as in other matters coming before the council for consideration. It follows that the judgment of the court below must be affirmed, and it is so ordered.        AFFIRMED.