## CITY OF CARROLLTON
### v.
## GEORGE W. CLARK ET AL.

*Cities—Mayor, a Member of the Council—Casting Vote of, on Passage of Ordinance.*

1. The Mayor of a city, though not an Alderman, is a member of its Council, and as such is entitled to vote in case of a tie on the question of the passage of an ordinance.
2. An ordinance adopted by the casting vote of the Mayor, will sustain a prosecution for a violation of its provisions.

[Opinion filed May 21, 1886.]

APPEAL from the Circuit Court of Green County; the Hon. LYMAN LACEY, Judge, presiding.

Mr. E. A. DOOLITTLE, for appellant.

Mr. JAMES R. WARD, for appellees.

PLEASANTS, J. There is no question of fact in this case.

Carrollton v. Clark.

Appellant is organized under the general law and has six Aldermen. Appellees were prosecuted for selling intoxicating liquor in violation of a supposed ordinance which was declared to be adopted by the casting vote of the Mayor. The record of the proceedings of the City Council upon its passage shows that the Aldermen were all present and voted by yeas and nays—"Alderman Carmody, Clark and Lyon voting aye, and Hazle, Sheedy and Johnson voting no," and "that this being a tie, Mayor Hassey voted aye and the ordinance was declared to be adopted."

On appeal the case was tried by the court without a jury, and upon the record referred to, which was in evidence, it was held the Mayor had no right to vote upon that question. The ordinance was excluded, and the issues found and judgment rendered for the defendants, to which rulings, finding and judgment plaintiff excepted and took this appeal.

That the supposed ordinance was duly published and that defendants had made four sales contrary to its provisions were admitted, and the only question is whether it was properly passed, or still more definitely, had the Mayor the right to give the casting vote on the question of its passage.

Section 6 of Art. II of the act (R. S. Ch. 24) provides that "the Mayor shall preside at all meetings of the City Council, but shall not vote except in case of a tie, when he shall give the casting vote," which would seem to be a clear answer and quite conclusive, unless the law has made some exception that embraces this case.

It is claimed that such an exception is made by Sec. 13 of Art. III, which declares that "the concurrence of a majority of all the members elected in the City Council shall be necessary to the passage of any ordinance."

To give this provision the effect of an exception it must be held that the Mayor is not a "member elected in the City Council" for such a purpose in such a case, and to establish that proposition reference is made to other sections and phrases in the act which seem to distinguish between legislative and executive functions, and between the Mayor and the City Council, and to use the terms "Aldermen" and "City Council" interchangeably.

There can be no doubt that upon some subjects and questions the Aldermen only are entitled to vote in any contingency, nor that in general they only are to determine the action of the City Council as such, whenever the requisite number can concur to do it; nor is it claimed that the Mayor is an Alderman. He does not possess some powers given to them and does possess some not given to them. But how does it follow from all this that he can not be, for any purpose or in any contingency, " a member elected in the City Council?"

The position here taken by appellees is that he could not lawfully give the casting vote in question, not for the reason that although a member of the Council he was forbidden to vote in this particular case, but because only ".members elected in the City Council" could lawfully vote upon it in any contingency, and he was not such a member.

Does not this argument prove too much? Is not the action of the City Council, as such, to be determined in all cases by the votes of its members only? And yet it is conceded that the Mayor may give the casting vote, in case of a tie, upon all questions before the Council except those specified in Sec. 13 of Art. III, which are " upon the passage of all ordinances, and on all propositions to create any liability against the city, or for the expenditure or appropriation of its money." The only reason suggested for making them exceptions is, that the vote upon them is absolutely required by the act to be taken by yeas and nays, and not upon any others unless at the request of a member. But this evidently is mainly for the purpose of making it appear whether the required majority of " all the members elected" do or do not concur, the emphasis being upon " all " and not upon " the members elected in the City Council."

We see nothing in that section to indicate that the right to vote is given more exclusively to members in these cases than in others. In those, the majority whose concurrence is required, may be a majority of a bare quorum—yet it must be a quorum of "the members elected in the City Council"—and if the Mayor's vote can break the tie and make a legal majority in one case, it must for the same reasons have the same power in the other.

Carrollton v. Clark.

The question of his membership has the same bearing upon each. If he may give the casting vote in either, it must follow either that he is a "member elected in the City Council," for that purpose in that contingency, or that the action of the Council as such is determined by the vote of a person who is not a member of it; and if the latter, which would be anomalous, it must be by virtue of the power expressly given, and without regard to membership by the section above quoted, and which in its terms makes no distinction between a tie in the one case and a tie in the other.

As already observed, it is not claimed that the Mayor is an Alderman, but it is not perceived that he need be in order to be a member of the Council. It is true that he can not vote in any contingency upon a proposition to sell city or school property, or upon a reconsideration after a veto, or to expel a member, and perhaps in some other questions, but it is also true that under the express provision of the law there can not be a tie in these cases. Art. III, Secs. 7, 13 and 19. The right claimed for him in this regard is limited to giving the casting vote in case of a tie. If it requires membership, then membership for that purpose and to that extent is claimed.

The arguments against it from the provisions above referred to and from others in which "Aldermen" and "City Council" are used interchangeably, but only incidentally and loosely so, are quite inconclusive, if indeed, they really touch the question at all; and to our minds are refuted by the clear and deliberate declaration of the statute, that "the City Council shall consist of the Mayor and Aldermen." Art. III, Sec. 1.

No such language is to be found in the Constitution respecting the Lieutenant-Governor and Senators, and therefore the supposed analogy fails. This section simply places the Mayor and Aldermen in the same category as composing the City Council. If they are members of it, he is also; and his election in it or to it, though by a different constituency, is with a view to this fact.

For their respective functions in it we must look to others. Among those of the Mayor is that of giving the casting vote, in case of a tie, at all its meetings. It is not made to depend

upon the nature of the question, but solely upon the fact of a tie. Both his membership and the substantial character of this function of it are recognized by the Supreme Court in Winter v. Thistlewood, 101 Ill. 450, where it is said that "except in a case of a tie in the votes of the Aldermen, when he is required to give the casting vote, his duties as a member of the Council are more formal than substantial."

We are of opinion that the casting vote in this case was lawfully given. The judgment of the Circuit Court is therefore reversed and the cause remanded for further proceedings in conformity herewith.

*Reversed and remanded.*