AT

DES MONES, SEPTEMBER TERM, 1915

AND

JANUARY TERM, 1916

AND IN THE SIXTY-NINTH YEAR OF THE STATE.

---

*STATE ex rel. JEBENS, Appellee, v. W. G. NOTH, Appellant.

MUNICIPAL CORPORATIONS: Council—Mayor as Member—Va-
1 cancies—Number Necessary to Elect. The mayor of a city having
a population of 20,000 or over is, under Section 937, Code Sup.,
1913, a member of the council, and must be counted as such in
determining the number of votes necessary to fill vacancies in the
council.

JUDGMENTS: Appeal—Suspension of Judgment—When Permitted.
2 A final judgment of ouster in proceedings against a public officer
should not be suspended pending appeal, when the issue of law
is apparently conclusive against the right to hold the office.

---

*This opinion, when rendered, was inadvertently marked ''Not to
be officially reported'', and is therefore published out of chronological
order.

*Appeal from Scott District Court.*—A. P. BARKER, Judge.

MONDAY, MARCH 22, 1915.

SUPPLEMENTAL OPINION WEDNESDAY, MAY 12, 1915.

ACTION to test defendant's right to the office of council-
man of the city of Davenport resulted in a judgment ousting
him. He appealed, and on motion the judgment was sus-
pended, pending the appeal. The plaintiff has moved to
set aside such order, and this is the subject of the annexed
opinion.—*Motion Sustained.*

*Cook & Balluff,* for appellant.

*Carl H. Lambach,* for appellee.

LADD, J.—The city of Davenport is acting under special
charter and is divided into six wards. The council consists
of a mayor, two aldermen at large and an alderman from
each ward. S. P. Boyden, the alderman
from the sixth ward, died December 20, 1914;
and on the 29th of the same month, the
council met to fill the vacancy occasioned
thereby. The seven aldermen and the mayor were present.
There were two candidates for the place, both of whom were
qualified, the defendant Noth and one Howard. Four alder-
men voted for Noth and three for Howard, and the mayor
ruled that, as a majority of the members of the council had
not voted for either, there was no election. An appeal was
taken from the ruling, whereupon three aldermen voted to
sustain and four to the contrary, and the mayor ruled that
a majority of the council had not voted to reverse his ruling.
The defendant thereupon qualified as alderman from the
sixth ward by taking oath of office before the city clerk, who
issued to him a certificate of election. From this recital, it
is apparent that the sole issue is whether, in filling a vacancy
in the council, the mayor is to be included in ascertaining
the majority of its members.

1. MUNICIPAL COR-
PORATIONS:
council: mayor
as member:
vacancies:
number neces-
sary to elect.

Section 937 of the Code Sup., 1913, reads:

"In any such city having a population of 20,000 or more, as shown by the last state or national census, the council shall consist of a mayor, two aldermen at large, and one alderman from each ward. At the first annual city election after the taking effect of this Code, there shall be elected two aldermen at large, and one alderman from each ward. Thereafter the successors of such aldermen shall be elected biennially. The aldermen in office at the time of taking effect of this Code shall continue in office only until the election and qualification of the aldermen herein provided for. Vacancies in the office of alderman shall be filled by the remaining members of the council of said city. The vacancy shall be filled within 30 days after the same has occurred, at a regular or special meeting, and a majority vote of the remaining members of the city council shall be necessary to fill the same.".

By the express language of this statute, then, the mayor was a member of the council, and prior to Boyden's death, there were nine members of that body. After the vacancy was created by his death, there remained eight members, and no strained construction is exacted in saying that the vote of a majority of these—that is, of five of them—was essential to the election of someone in his stead. Had only a majority of the aldermen or of those voting been intended, a different conclusion must have been reached. But the statute first declares who shall constitute the council, and makes it include the mayor, and then fixes the number of votes essential to the filling of a vacancy; i. e., a majority of the council so constituted. Whether the mayor shall vote or not is entirely immaterial in determining the number requisite to election; and for this reason, the section of the special charter of the city saying, "The mayor shall have the casting vote and no other", is not pertinent, and whether he might properly have voted is not involved. The precise question before us was decided in *Horner v. Rowley*, 51 Iowa, 620, where four trustees were held not to be three-fourths of the council

composed of mayor, recorder and five trustees. This decision was followed in *Griffin v. Messenger*, 114 Iowa, 99, and appears to express the rule generally approved. *People ·v. Herring*, 30 Colo., 445 (71 Pac., 413) ; *Whitney v. Common Council of the Village of Hudson*, 69 Mich., 189 (37 N. W., 184) ; *State ex rel. Hawkins v. Cook*, 62 N. J. L., 84 (40 Atl., 781). See *State ex rel. Young v. Yates,* 19 Mont., 239 (37 L. R. A., 205).

In view of the prior decisions of this court, supported as they are by those of other tribunals, we are not inclined to regard the issue of law such as to warrant us in suspending the decision of the trial court, pending appeal. For this reason, the order heretofore entered so doing is set aside, and the judgment of ouster permitted to be enforced, subject, however, to the final determination of· the appeal. —*Motion Sustained.*

2. JUDGMENTS: appeal: suspension of judgment: when permitted.

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.

HEARING ON MERITS, WEDNESDAY, MAY 12, 1915.

*Per Curiam.*—The questions involved in this case were fully considered, and determined adversely to appellant, in the above opinion filed in disposing of a motion for a restraining order from this court.

Following the above opinion, the judgment must be and it is—*Affirmed.*