## PETER O. SCOW v. WILLIAM J. GUTCHES.[1]

May 7, 1915.

Nos. 19,253—(311).

**Election contest — tie vote.**

Section 529, G. S. 1913, authorizes an election contest, although neither of the two opposing candidates for a county office could be declared elected by

[1] Reported in 152 N. W. 639.

---

Note.—On the right to election contest in case of decision of tie vote, see note in 47 L.R.A. 559.

the canvassing board because the returns indicated the same number of votes cast for each. . .

Peter O. Scow appealed to the district court for Todd county from the action of the canvassing board of that county in declaring that, at the general election of November 3, 1914, he and William J. Gutches each received 1914 votes for the office of clerk of court of that county and the result of the election was a tie. The court appointed inspectors who reported that appellant received 1902 votes and contestee 1904 votes, and 26 votes were cast as to which there was a dispute as to how they should be counted. The appeal was heard by Nye, J., who found that contestant was duly elected and entitled to the office of clerk of the district court for the term beginning the first Monday of January, 1915. A motion by each party to amend the findings was denied. Contestee's motion for a new trial was denied. From the judgment entered in favor of contestant, contestee Gutches appealed. Affirmed.

*Arthur B. Church* and *William F. Donahue,* for contestant.
*George F. Cashman* and *L. M. Davis,* for contestee.

On March 12, 1915, the following opinion was filed:

PER CURIAM.

The appeal presents the question whether the court has jurisdiction of an election contest, under section 529, G. S. 1913, in a case where, by reason of a tie vote between the opposing candidates for a county office, the canvassing board has been unable to declare either elected. The four justices who heard the case are equally divided upon the question, and the judgment must therefore be affirmed.

The appeal having been reargued, the following opinion was filed on May 7, 1915.

HOLT, J.

Contestant and contestee were rival candidates for the office of clerk of the district court of Todd county. The election returns, as ascertained by the canvassing board, gave each the same number of votes. The contestant thereupon served and filed notice of contest as provided in section 529, G. S. 1913, specifying certain grounds upon which he contended that he had received a majority of the legal vote cast at the election. Contestee objected to the jurisdiction of the court to entertain the contest. The objection was overruled and upon the trial the court found that, of the legal votes cast, contestant received one vote more than contestee, and adjudged contestant duly elected. Contestee appeals from the judgment.

The single question for determination in this court is, did the trial court have jurisdiction? In other words, can there be a contest when no one is declared elected by the canvassing board? The pertinent portion of the section cited reads: "Any voter may contest the election of any person for or against whom he had the right to vote, who is declared elected to a state, county or municipal office, or the declared result upon a constitutional amendment or other question submitted to popular vote, by proceeding as follows: He shall file with the clerk of the district court of the county of his residence, within ten days after the canvass is completed, a notice of appeal to such court, and," etc.

It may be conceded that the power of courts to determine election contests must be exercised under the conditions and according to the procedure prescribed by statute. State v. Village of McIntosh, 95 Minn. 243, 103 N. W. 1017. Also that it was intended that the statutory mode should be so broad and elastic that the common law remedies need not be resorted to. State v. Gates, 35 Minn. 385, 28 N. W. 927. But with all that, we believe the policy in this state, as indicated in legislation and in court decisions, has always been to afford opportunity to ascertain the true result of an election. Therefore, if an election has been held the right should exist whereby the parties interested may, through some appropriate judicial proceeding, ascertain whether the canvass of the returns expresses the true legal vote. It is not perceived why this right

should be made to depend upon a difference in the vote of the two highest candidates for an office. The desirability of determining the true result is equally important to the candidates and to the electors, whether the canvass shows a tie or a decisive difference. We cannot impute any intention on the part of the legislature to annul an election and require another, unless there was in fact a tie between two candidates. It is true, a strict and technical construction of said section 529, G. S. 1913, would lead to the result that no contest lies when the canvassing board declares that the returns show a tie as to the rival candidates. But this statute is remedial, and should receive a liberal interpretation so as to afford what was intended, namely, the opportunity for a judicial determination of the result of an election where the announced result is considered incorrect by an interested party. As said in section 431 of McCrary on Elections: "It may be stated as a general rule, recognized by all the courts of this country, that statutes providing for contesting elections are to be liberally construed, to the end that the will of the people in the choice of public officers may not be defeated by any merely formal or technical objections." In Pennsylvania the objection to the court entertaining an election contest because not authorized by the statute in case of a tie vote was overruled, the court saying: "Where there is a tie vote returned, either party ought to have the right to contest the election. This contingency is not expressly provided for by the Act of Assembly on the subject, but the case is clearly within the spirit of the act, and I have no doubt of the right of either party to proceed under it." Erdman v. Barrett, 89 Pa. St. 320. We conclude that where an election has been held, and the returns have been canvassed, the court has jurisdiction to entertain a contest, regardless of the circumstance that the canvassing board has been unable to declare either of the two opposing candidates elected because, upon the face of the returns or the calculations made, each appears to have received the same number of votes.

Another consideration leads to the same conclusion. In McConaughy v. Secretary of State, 106 Minn. 392, 119 N. W. 408, it

is stated on page 419: "It is settled law that the decisions of election officers and canvassing boards are not conclusive, and that the final decision must rest with the courts, unless the law declares that decisions of the board shall be final." In the very case upon which appellant relies, Austin v. Dick, 100 Cal. 199, 34 Pac. 655, in deciding under an election contest statute like ours that a finding that no one was declared elected (the vote being a tie) ousted the court of jurisdiction to proceed and determine the contest, the court states: "In such case a new election must be called, although it may be that a candidate may question the correctness of the canvass in a different proceeding." If courts possess the power and authority, independent of election contest statutes, to reach and purge election returns and declarations of canvassing boards of mistakes, or wilful errors, so that the result of the canvass will be changed and speak the truth, too much importance is not to be attached to the mere form of the remedy made use of. In this case if we suppose that the tie resulted from a palpable mistake in tabulating and totalling the returns, or from arbitrarily rejecting some, can it reasonably be said that the candidates are without redress and must resort to another election? We think not. And, if instead of suggesting resort to *mandamus, certiorari* or some other legal remedy, it be held that the error or mistake may be rectified in the contest proceeding provided by statute, we think the legislative intent and purpose of the law is fully carried out.

Judgment affirmed.