CITY OF MOUND CITY, EX REL. REINERT BROS. CONSTRUCTION CO., RESPONDENT, v. SARAH SHIELDS, APPELLANT.

Kansas City Court of Appeals. December 7, 1925.

**1.—Municipal Corporations—Tax Bills—Bid for Street Improvement Held Properly Accepted under Second Estimate of City Engineer.** Under section 8506, Revised Statutes 1919, where bids for street pavement were not within estimate made by city engineer, he may legally submit second estimate and acceptance thereunder of bid higher than first estimate held proper and tax bill issued thereon not invalid.

**2.—Same—Same—Contract for Street Improvement, Fixing Different Date Than That Specified in Bid, Held Not Invalid.** Where record showed neither paving resolution, ordinance providing for construction of work, advertisement for bids or instructions to bidders fixed any time for starting or completion of work, contract fixing different date than that specified in bid, **held** not invalid, where injunction proceeding preventing city from consummating contract caused work to be delayed.

**3.—Same—Same—Council May by Ordinance Extend Time for Completion of Work.** Time for completion of work may be extended by ordinance from time to time without assigning any reason therefor on part of City Council.

**4.—Same—Ordinance Extending Time for Completion of Work Did Not Render Tax Bill Void Where Mayor Cast Deciding Vote Therefor.** Ordinance extending time for completion of work did not render tax bill void under section 8467, Revised Statutes 1919, because of tie vote of aldermen where mayor, under authority of section 8404, Revised Statutes 1919, cast deciding vote in affirmative.

**5.—Same—Contiguous Lots Occupied as One Tract Held Subject to Assessment Where One of Such Lots Abuts on Improved Street.** Contiguous lots, under one ownership, used and occupied as one tract are subject to assessment for street improvement where one of the lots abutted on improved

street, notwithstanding section 8502, Revised Statutes 1919, limits assessment for improvement to property abutting on street improved.

**6.—Same—Tax Bill is Prima-Facie Proof of Its Validity.** A tax bill is prima-facie proof of its validity, and burden of proof is upon party making attack thereon.

---

*Corpus Juris-Cyc. References: Municipal Corporations, 43CJ, p. 509, n. 25; 28Cyc, p. 1032, n. 28 New; p. 1037, n. 5; p. 1053, n. 89, 94; p. 1123, n. 29; p. 1170, n. 82.

Appeal from the Circuit Court of Holt County.—Hon. Guy B. Park, Judge.

AFFIRMED.

*Frank Petree, Geo. W. Easlin* and *Tibbels & Bridgeman* for respondent.

*J. B. Dearmont* and *Robert L. Minton* for appellant.

ARNOLD, J.—This is a suit to recover on a tax bill issued by the City of Mound City, Missouri, against lots 11, 12, 13, 14, 15 and 16 in Block 17, Extension Company's addition to said city, to pay the proportionate share of the assessment for paving and otherwise improving Nebraska street in said city. The total assessment against the designated lots was $1394.10.

The petition pleads the corporate status of the City of Mound City as a city of the fourth class; the various proceedings by the city council and mayor authorizing the improvements and the acceptance of same when completed; the issuance of the tax certificate which is set out in full, including the various items comprising the same, and states that the property against which the bill was issued was the property of defendant herein.

The answer admits the corporate status of the City of Mound City and generally denies all other allegations of the petition, and makes the following special defenses: *First*: That the City of Mound City received no bid on April 30, 1920, as charged in the petition, which complied with the instructions to bidders. *Second*: That said bill was the result of collusion and was received after the time for receiving bids had expired. *Third*: That the said bid was above the estimate and was the same as two bids previously received, both of which were rejected because above the estimate. *Fourth*: That the tax bill is void because the improvements were constructed over the protest of a majority of the abutting property owners. *Fifth*: That the tax bill is void for the reason that plaintiff had no contract with the city for doing the work at the time it was done, and that the work

was neither begun nor completed on the dates specified on the pretended contract. *Sixth*: That the special grade ordinance No. 33, establishing the grade, is null and void for the reason that it is not precise, definite and certain of expression; it established no *datum*, nor does it refer to any ordinance which does establish the *datum*, or starting point used; it provides no manner of grading said street; that the ayes and nays were not entered on the journal on final passage of said pretended ordinance, as required by section 8467, Revised Statutes 1919. *Seventh*: That the assessing ordinance No. 110, assessing the tax and costs against the abutting property is null and void because it does not describe the property attempted to be assessed; nor was it passed by the board of aldermen as required by law. *Eighth*: That said tax bill is void because it attempts to fasten a joint lien on all the lots when only lot 16 abuts on the improvement. *Ninth*: That the tax bill is void because of fraud and collusion in the proceedings whereby the same was issued. *Tenth*: That it is void because the improvement was not begun on or before June 10, 1920, as provided in plaintiff's bid and contract, nor within a reasonable time thereafter. *Eleventh*: That it is void because the City of Mound City altered plaintiff's bid of April 30, 1920, by increasing it in the sum of $135. *Twelfth*: That it is void because the improvement was not completed on September 30, 1920, as required by the bid and contract, nor within a reasonable time thereafter. *Thirteenth*: That ordinance No. 99, extending the time for completion of the improvement, passed and approved October 28, 1920, is void because plaintiff at that time had no existing contract. *Fourteenth*: That ordinance No. 105, passed and approved May 27, 1921, extending the time, is void because there was no existing contract to be extended, and for the further reason that it did not receive an affirmative vote of a majority of the board of aldermen, as required by charter of the city. *Fifteenth*: That the so-called paving ordinance No. 37, mentioned in the petition, is void because it was never approved nor signed by the mayor, and was not attested by the city clerk, nor does it bear the seal of the city.

Under the pleadings thus made the cause was tried to the court. The judgment was for plaintiff. Motions for a new trial and in arrest of judgment were overruled and defendant appeals.

In order to reach a clear understanding of the case it is deemed necessary to review, somewhat in detail, the various steps leading up to the tax bill in question, issued October 8, 1921.

On September 22, 1919, a resolution for the paving and otherwise improving Nebraska street was passed by the board of aldermen. This resolution was published for the required length of time and no protest against the proposed improvement was filed. On October 13th of said year an ordinance providing for the construction named in

the resolution was passed by the board. Nothing more was done in furtherance of said improvements until the month of February, 1920, when, on the 10th of that month, the city engineer filed an estimate of the cost of such improvement. The board then advertised for bids to be received on February 19, 1920, at which time three bids were received. The bid of Reinert Bros. Const. Co. of St. Joseph @ $3.98 per square yard was the lowest, but all bids were rejected, being above the estimate.

On March 8, 1920, the city clerk was ordered to readvertise for bids for said improvements, and on the same date the city engineer filed a second estimate. In the first the cost for paving was fixed at $3.75 per square yard; walks @ 25 cents per square feet; inlets at $50; 60 feet of 15-inch pipe @ $1.50, and grading @ 75 cents per cubic yard. In the second estimate filed March 19, 1920, the costs were increased, and were as follows: Paving was fixed @ $4; walks 30 cents; 60 feet of 15-inch pipe $2, grading $1, making the total estimated cost of the improvement, $82,447.01, instead of $76,-788.11, as in the first estimate. On March 19th, the only bid received was that of Reinert Bros. Const. Co., @ $3.98 per square yard, which was within the second estimate, but this bid was rejected by the board. On April 16, 1920, the board ordered a re-advertisement for bids to be received on April 30, 1920, at which time Reinert Bros. Const. Co. was the only bidder and again the bid was $3.98 per square yard. This bid was accepted.

Immediately after the acceptance of said bid by the board, one Jones B. Dearmont, a citizen of Mound City, filed in the circuit court of Holt county, a petition and application for an injunction upon which a temporary restraining order was issued against the city, enjoining it, its agents and servants from entering into and making any contract for grading or paving any part of Nebraska street and from doing any act in connection therewith, until the damages to the property of said Dearmont and others, by reason of the change in the grade, had been adjudged and paid as required by law. The injunction suit was tried in the circuit court of Holt county, on June 23, 1920, resulting in a judgment dissolving the temporary injunction and dismissing the bill. From said judgment Dearmont took an appeal to the Supreme Court. The said appeal was never perfected and on July 3, 1920, Dearmont served a written notice on the board of aldermen that he did not intend to perfect the appeal.

Neither the resolution nor ordinance No. 37 fixed any time for the beginning or completion of the proposed improvement, but the bid submitted by Reinert Bros. Const. Co. and accepted by the city, did provide for commencement of the work on or before June 10, 1920, and its completion on or before September 10, 1920.

On April 30, 1920, the date of the acceptance of the bid of Reinert Bros., a contract and bond were prepared but neither was executed until after Dearmont had notified the board of aldermen on July 3, 1920, that he did not intend to perfect the appeal, and thereafter the contract and bond were executed, and the date of beginning the work was changed from June 10 to August 23, 1920; and the time for completion from September 30 to November 1, 1920. Thereupon, on August 11, 1920, the board of aldermen by ordinance No. 91, duly confirmed the contract.

A little grading was done in the fall of 1920, but the work was not completed within the time specified in the amended contract; and on October 28, 1920, an ordinance was passed extending the time of completion of the work for a period of seven months from November 1, 1920. The work was not completed within the extended time, and on May 27, 1921, the board, by ordinance, again extended the time of completion for a period of thirty days from June 1, 1921. On June 23, 1921, the contractor presented an application for a further extension, which request was refused on June 29, 1921. There is nothing of record showing the exact date upon which the work was finally completed, but on October 7, 1921, the city engineer made his report; and on the same date, the board of aldermen, by ordinance No. 110, levied a special tax bill against the property abutting on said street.

The contract provided for a penalty of $25 per day for each and every day consumed by the contractor beyond the time set for completion of the work. The record shows that in levying the said tax against the various pieces of property, this penalty was taken into consideration from July 1, 1921, and deducted from the tax so levied against the abutting property, its proportionate share of such penalty.

Defendant's first contention is that the tax bill in question is void because no bid was properly submitted and accepted and because the bid submitted was above the estimate. This charge is based upon the provisions of section 8506, Revised Statutes 1919, which provides that before a board of aldermen shall make a contract for paving, etc., the cost thereof shall be made by the city engineer, or other proper officer, and submitted to the board, and "no contract shall be entered into for such work or improvements for a price exceeding such estimate."

The record discloses that on February 10, 1920, the city engineer submitted his estimate of the cost of the proposed work, and the bids received were much above said estimate, and were all rejected. On March 19, 1920, a new estimate was submitted to the board by the city engineer, in which he increased his former estimate of the cost of the improvement. The bid of Reinert Bros. which the board ac-

cepted on April 30, 1920, after readvertisement for bids, was considerably below the figures contained in the second estimate.

It has been held that the purpose of an estimate is that the board may have the judgment of the engineer as to the proper cost of any improvement, as a guide to bidders and the city council. [Maret et al. v. Hough et al., 185 S. W. 544.] Under the statute above referred to (Sec. 8506), it is provided that no contract shall be entered into for such work or improvement at a price exceeding the estimate. It is defendant's position that the tax bill is void because the bid finally accepted was above the first estimate. However, the record discloses that the bids under the first estimate were all rejected, and the one finally accepted and under which the contract was let and the improvements accomplished was under the second estimate. We see no valid reason and defendant has pointed out none, why the city engineer may not legally submit a second estimate. This being true, the board of aldermen were justified in accepting a bid properly submitted under such new estimate.

In this connection defendant argues that the action of the council, being wavering, indecisive and attempting to deal with a bidder by proposals, reconsidering its rejection of a bid, and holding its action in abeyance, with only one tenacious bidder with one bid remaining in the field, must invite that which "not only might be destructive of real competition in the bidding, but opens the door to fraud and favoritism." This conclusion is proper if based upon a proper hypothesis. But the record does not support defendant that the board of aldermen attempted "to deal with a bidder by proposals and by reconsidering its rejection of a bid and holding in abeyance its action." The conclusion of defendant is therefore erroneous. This being true, defendant's citations do not apply.

It is next contended that the tax bill is void for the reason that the council was without jurisdiction to enter into the contract made with plaintiff. Defendant argues that a municipal contract for public improvement is subject to the following limitations and conditions: (1) The subject-matter of the proposed contract must be included within the ordinance ordering the improvement; (2) the contract must not surrender any public function or duty; and (3) it must be let and made in accordance with the method prescribed.

It is urged that in accepting plaintiff's bid of April 30, 1920, and confirming the contract of August 11, 1920, the council abrogated a public duty and disregarded the mandatory provisions of the law, as follows: (1) By accepting the bid of plaintiff when the same was above the estimate; (2) by confirming a contract that was not made pursuant to the terms of any bid received, nor in compliance with the instructions to bidders or in conformity with the plans and specifications, and by delaying all action of confirmation for such lapse

of time that contractual performance was impossible and jurisdiction of the council was thereby lost.

The second part of this argument is based upon defendant's erroneous contention that the contract was let upon the first estimate of the city engineer. The record does not support this view and in our discussion of Point 1, we have decided this question against defendant.

Defendant declares the city was without authority to enter into a contract with plaintiff, since the bids of the construction company provided the work would be commenced on June 10, 1920, and completed by September 30, 1920, and therefore that the city had no authority to contract with the company for the beginning and completion of the work on any other dates. The record shows that neither the paving resolution nor the ordinance providing for the construction of the work, the advertisement for bids, or the instructions to bidders fixed any time for the starting or completion of the work.

The injunction proceeding instituted soon after the city accepted the bid prevented the city from consummating the contract and caused the work to be delayed. The temporary injunction was not dissolved until June 23, 1920, and the appeal from the order dissolving the injunction caused a further delay until July 3, 1920. It was thereafter that the contract was changed to the extent of fixing the date of commencement of the work as August 23, 1920, and for completion thereof to November 1, 1920. Extensions thereafter were granted by ordinance. The record fails to show any change in specifications. Defendant's contention in this respect, therefore, is untenable.

It is further contended that the tax bill is void because the work was not completed within the time required by the contract. Extensions were made by ordinance from time to time and under the rule followed in this State, this could be done legally without the assignment of any reason therefor, on the part of the council. [Paxton v. Bonner, 172 Mo. App. 479, 157 S. W. 986; Empire Trust Co. v. Stepp et al., 275 S. W. 982.] Cases cited by defendant in support of this contention do not apply.

It is urged that the tax bill is void because the mayor cast the deciding vote in the affirmative. This assignment is based upon section 8467, Revised Statutes 1919, which provides that no ordinance shall be passed unless on its final passage a majority of the members elected to the board of aldermen shall vote for it and the "ayes and nays" be entered on the journal. The journal entry of date May 27, 1920, shows there was a tie vote of the aldermen, two voting for and two against the measure, and the mayor cast the deciding vote for ordinance No. 105, extending the time for completion of the work. The statute (sec. 8404, R. S. 1919) provides: "The mayor shall have a seat in and preside over the board of aldermen, but shall not vote

on any question except in case of a tie. . . ." This statute would seem to settle the point against the contention of defendant.

There remains but one other point for our consideration. Defendant. urges the tax bill is void because of the fact that an aggregrate assessment was made against all of defendant's lots, i. e. 11, 12, 13, 14, 15 and 16, when lot 16 only adjoins the street improved. It is urged in support of this charge of error that the statute (Sec. 8502, R. S. 1919) limits the assessment for the improvement to property abutting on the street so improved, that defendant's lot 16 is the only one actually abutting on Nebraska street and that the other lots against which the assessment was levied abut on a cross street and not on Nebraska.

Plaintiff admits that of the lots described in the petition and against which the assessment was levied only lot 16 abuts the street improved but states these lots are contiguous, under one ownership, and used and occupied as one tract. The testimony supports this view and on this point the law is well settled. In Mound City ex rel. v. Melvin, 205 S. W. 254, this court held that although defendant's property might consist of two lots according to plat, where it was used as one tract, taxing authorities of the city were entitled to treat it as one tract for the purpose of levying a special tax thereon. The same rule is adhered to in the city of Weston v. Chastain, 234 S. W. 350, 353.

The rule also is well settled in this jurisdiction that a tax bill is prima-facie proof of its validity, and the burden of proof is upon the party making the attack. [Paxton v. Bonner, supra, and cases therein cited; Empire Trust Co. v. Stepp et al., supra.] It must be held that in the instant case defendant has failed to sustain her burden of proof.

The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.